## KING *v.* WESTBROOKS.

An interrogatory, to be objectionable as leading, must suggest to the witness the answer desired. The interrogatories ruled out in the present case were not subject to this objection.

Argued November 15, — Decided December 11, 1901.

Foreclosure of mortgage. Before Judge Reagan. Monroe superior court. May 21, 1901.

*Cabaniss & Willingham, J. B. Williamson,* and *E. G. Cabaniss Jr.,* for plaintiff in error. *Persons & Persons,* contra.

COBB, J. Westbrooks brought an action against Mrs. Carrie King, to foreclose a mortage on real estate executed by the defendant, and to recover judgment on a promissory note to secure the payment of which the mortgage had been given. The defendant pleaded that a portion of the debt represented by the promissory note sued on was her husband's, and that that part of the debt which was hers had been fully paid. The case went to trial upon this issue, and there was evidence both for and against the conten-

tion made by the defendant. The jury returned a verdict for an amount which apparently was intended to represent the full sum sued for. The defendant made a motion for a new trial, and this motion having been overruled, she excepted. Complaint is made in the motion for a new trial that the court erred in excluding from the jury the following interrogatory and the answers thereto, the question having been propounded to the defendant Carrie King and to her husband, James G. King: " If you say that the mortgage was given for the purpose of purchasing supplies to make the crops with, state whose crop it was, and upon whose land it was grown." To this question both the witnesses answered that it was James G. King's crop and his land. Complaint is further made that the court excluded the following interrogatories propounded to these witnesses and their answers thereto: " Was said indebtedness the indebtedness of James G. King, or Carrie King, or of both jointly ? If jointly, state how much was the indebtedness of Carrie King and how much the indebtedness of James G. King?" To these interrogatories James G. King answered that $160 was the indebtedness of Mrs. Carrie King and $250 that of James G. King; that she made her own arrangements and he made his. Carrie King answered that the accounts were not together at all. The objection made to all of these interrogatories was that they were leading. It is contended that this ruling of the court was error and that it was hurtful to the defendant. The court had previously allowed answers to an interrogatory to go to the jury, to the effect that the indebtedness had been contracted for supplies to run the farm; Mrs. King stating that the supplies were obtained for herself and her children.

It does not appear affirmatively that the objection made to these interrogatories was filed with the interrogatories before the issuing of the commission. If the objection was not in fact so filed, it should not have been so considered. *Franks* v. *Gress Lumber Co.*, 111 *Ga.* 87. But, irrespective of this question, we do not think the interrogatories were subject to the objection that they were leading. In the case just referred to will be found a full discussion upon the subject of leading interrogatories, and numerous authorities cited ; it being ruled that an interrogatory to be objectionable as leading must suggest the answer to the witness. We do not think the questions propounded in the present case were subject to

this objection. There was nothing about the questions which would suggest to the witnesses the answers expected or desired. The evidence ruled out was upon a vital issue in the case, indeed upon the only issue raised by the pleadings, that is, whether the portion of the debt remaining unpaid was that of the defendant or her husband. The ruling was especially harmful, inasmuch as an answer by Mrs. King, that the indebtedness was for supplies and that these supplies were for her and her children, had been allowed to go to the jury. They might have been influenced in some degree, from this answer unexplained, to find that Mrs. King contracted the debt, and the fact that she was not allowed to state unequivocally that the debt was her husband's was greatly prejudicial to her defense. The court erred in refusing to grant a new trial.

*Judgment reversed. All the Justices concurring.*