## MIXON v. THE STATE—two cases.

1. It furnished no ground for a motion for a new trial to allege that the sentence imposed by the court upon a person convicted of a criminal offense was excessive.

2. A headnote to a decision in this court, which declares that under the facts of a case then under consideration, as therein stated, it was error to give to the jury a certain charge, is not an appropriate form to be given in charge to the jury in another case; and a request for that purpose was properly refused.

3. Two cases having been heard in this court together, the evidence in the first case (*Robert Mixon* v. *State*) was sufficient to support the verdict.

4. The distinction between justifiable and excusable homicide has been abolished in this State. Every homicide which is without guilt is now classi-

fied as justifiable. On a trial based on an indictment for assault with intent to murder, therefore, there was no error in refusing to give in charge a request that "If the homicide would have been excusable if the shot had killed the man, the shooting at him without killing is also excusable."

5. The statement, that "It is a well-established maxim of law that it is better to let one hundred guilty persons go unpunished than to punish one innocent person," is not a proper rule to be given in charge to the jury, and a request embodying such principle should be refused.

6. Where the general character of a person accused of a crime was not attacked or put in issue, there was no error in refusing to charge that the character of the accused is presumed to be good unless shown to be otherwise by the evidence.

7. Where two persons were jointly indicted as principals for the offense of assault with intent to murder, and were tried separately, and where on the trial of the second defendant evidence was introduced on behalf of the State showing that the other had been convicted, the court should have charged, on request, that the conviction of one of those jointly accused created no presumption of guilt as to the other.

Argued July 10, — Decided August 2, 1905.

Indictment for assault with intent to murder. Before Judge Hammond. Richmond superior court. May 26, 1905.

Robert Mixon and Andrew Mixon were jointly indicted for an assault with intent to murder, alleged to have been committed upon one Billy Williams, by shooting him with a musket. They were tried separately, Robert being first tried. Each of them was convicted, each moved for a new trial, and upon its refusal each excepted. The two cases were argued together in this court. The evidence on behalf of the State was substantially the same in each case, and was in brief as follows: Williams went to the house of one Hattie Jenkins. While he was there the two defendants came up. Another man who was there with a bicycle desired to leave, and asked Andrew Mixon, who was sitting in the door, to get up and let him out. Williams said, "Yes, get up and let him get his wheel out." Mixon replied in the most profane language, cursing Williams, and said: "You think, 'cause you got your pistol sticking up there, somebody's afraid of you." Williams in fact had a pistol in the upper pocket of his coat, which he was carrying to another person. After making this statement Andrew Mixon ran to his own home, which was not far away, and his brother Robert followed him. Williams then left the house. Shortly afterwards the two Mixons returned with a gun, inquired for Williams, and, on learning that he had left, followed him. On overtaking him Robert Mixon had the gun.

Williams inquired what he was going to do, to which he replied, with an oath and a vile epithet, that he was going to kill Williams. The latter inquired, for what; to which Mixon answered, "Because you tried to hurt my brother." Williams denied this. About that time Andrew Mixon came up with a stick. Williams grabbed the gun, and asked Robert Mixon not to shoot him. Andrew struck him over the head; he staggered and turned loose the gun; whereupon Robert Mixon shot him. He denied having made any threats or having taken his pistol out of his pocket. A witness also testified that when the two Mixons went to the Jenkins house looking for Williams, Robert stated that he intended to kill him that night; that shortly after they left, a gun was fired, and after a time Andrew came back to the house and stated that they could come down and get Williams, and that Robert had killed him. In Andrew's case a bailiff testified that Robert had first been convicted of doing the shooting, but that during his trial Andrew had confessed that he shot Williams with the gun.

*Henry S. Jones*, for plaintiffs in error.

*J. S. Reynolds, solicitor-general*, by *John M. Graham*, contra.

LUMPKIN, J. (After stating the facts.) 1. In the case of Robert Mixon one ground of the motion for a new trial was, that, in view of the recommendation of the jury, the sentence of five years in the penitentiary was excessive. This is not a proper matter for a motion for a new trial.

2. Another ground was that the court refused a request to give in charge the following: "It is not necessary, however, that it appear that it was absolutely necessary to make the assault in order to save life. Therefore when, in a trial for assault with intent to murder, the accused sets up the defense that he inflicted the wounds on the prosecutor to prevent the commission of a felony on his person, and the evidence both of the State and the accused is directed to the truth of the issue thus made, it is error to charge the jury, in effect, that, in order for the accused to be justified it must appear that the danger was so urgent and pressing at the time of the difficulty that in order to save his own life it was absolutely necessary to kill." With the exception of the first sentence, this request is a literal copy of the third headnote in the case of *Heard* v. *State*, 114 *Ga.* 90. We of course hold that headnote to

be sound law; but it contains a ruling of this court as to what was an erroneous charge given in the case then under consideration. It is evident that the court in the present case was not called on to inform the jury that a certain charge was error.

3. The evidence was amply sufficient to support the verdict, and there was no error in overruling the motion for a new trial in the first case.

4. In the case of Andrew Mixon error is assigned because the court refused a written request to give in charge the following: " If the homicide would have been excusable if the shot had killed the man, the shooting at him without killing is also excusable." Under the law of this State the distinction between excusable homicide and justifiable homicide has been abolished. Penal Code, § 70. Every homicide which is without guilt is now classified as justifiable. The use of the word " excusable " in connection with a charge in regard to homicide is therefore inapt in this State, and might tend to cause the jury to believe that a homicide, although not justifiable, was yet excusable. ·Under the common law this would have been different. The request, in the shape in which it was made, was properly refused.

5. The court was requested to give the following charge: " It is a well-established maxim of law that it is better to let one hundred guilty persons go unpunished than to punish one innocent person." The refusal to do so was assigned as error. The request contains an abstract statement slightly modified from the usual expression that " it is better that ninety-nine guilty men should escape than that one innocent person should suffer." See *Boon* v. *State*, 1 *Ga.* 621. Whether or not this is a sound maxim in morals or sociology, it is not a rule of law suitable to be given in charge by a presiding judge to a jury. We have it on tradition that in the early history of the State a request of this character was made, and the judge of the trial court gave it in charge, but added that in his opinion the ninety-nine guilty men had already escaped.

6. Where the general character of the accused was not attacked or put in issue, there was no error in refusing to charge that the character of the accused is presumed to be good unless·shown to be otherwise by the evidence.

7. Some of the other requests to charge were covered·by the

general charge. Only one other need be specially noticed. The court refused to charge, on request, that "Where several are jointly indicted, the conviction of one creates no presumption of guilt as to any of the others." The two defendants were jointly indicted in this case. Robert Mixon was first tried and convicted. If this fact had not appeared or been placed before the jury, it would have been unnecessary to have given any charge on the subject. Nor is it quite clear why counsel for the State saw fit to prove by a witness that Robert had been convicted. As he did so, however, and the two were jointly indicted as principals, and the evidence for the State sought to show that the two were acting in conjunction, the court, on request, should have informed the jury that the conviction of Robert raised no presumption of guilt against Andrew. See *Coxwell* v. *State*, 66 *Ga.* 309 (3), 315.

In the case of Robert Mixon the judgment is *affirmed;* in the case of Andrew Mixon the judgment is *reversed.*

*All the Justices concur, except Simmons, C. J., absent.*