### 5745. BUTTS *v.* THE STATE.

WADE, J. 1. Where a witness for the State is an accomplice, the failure of the trial judge to instruct the jury as to what would, under the law, constitute an accomplice, or to advise them that the testimony of an accomplice alone is insufficient to convict the accused, is not reversible error, where it does not appear that there was a timely written request for such instruction. *Baker* v. *State*, ante, 578 (81 S. E. 805).

2. To sustain a conviction upon the testimony of an accomplice, there must be corroborating circumstances which, in themselves and independently of the testimony of the accomplice, directly connect the defendant with the crime or lead to the inference that he is guilty. *Childers* v. *State*, 52 *Ga.* 106; *McCrory* v. *State*, 101 *Ga.* 779, 780 (28 S. E. 921); *Taylor* v. *State*, 110 *Ga.* 150, 151 (35 S. E. 161).

3. Circumstantial evidence may sufficiently corroborate the testimony of the accomplice by directly connecting the defendant with the commission of the crime; and a conviction thus brought about will be sustained.

4. Various facts and circumstances brought out by the evidence plainly lead to the inference that the defendant was guilty, and directly connect him with the crime, independently of the testimony of his alleged accomplice.         *Judgment affirmed. Roan, J., absent.*

DECIDED JULY 21, 1914.

Indictment for burglary; from Baldwin superior court—Judge J. B. Park. April 16, 1914.

*Sibley & Sibley,* for plaintiff in error.

*Joseph E. Pottle, solicitor-general,* contra.