### 6484. Barnes *v.* The State.

Russell, C. J. 1. The fact that the charge of the court and the brief of the evidence in the motion for a new trial were not filed by the clerk until after the trial judge had certified the bill of exceptions in the case is not ground for dismissing the bill of exceptions.

2. The relationship of a juror to the defendant in a criminal case is not sufficient ground to set aside a verdict on motion for a new trial, although the fact of the relationship was unknown to the defendant or his counsel until after verdict. *Dawson* v. *State,* 13 *Ga. App.* 668 (79 S. E. 745), and cases cited.

3 Upon proof of the maiming or killing of animals mentioned in section 752 of the Penal Code, the fact that it was done not from malice toward the owner, but to prevent injury to the defendant's crop or other property, is a matter of defense, and, as such, is not to be negatived by the prosecution, but to be established by the defendant to the reasonable satisfaction of the jury.

4. In view of the provisions of section 2026 of the Civil Code, the evidence demanded the conviction of the accused, regardless of the assignment of error upon the instructions given by the trial judge as to the height of the fence. The owner of an enclosure is not permitted to kill or injure any domestic animal for the first breaking, or until after notice is given to the owner of the animal or his agent, if possible. Neither from the evidence nor from the statement of the accused does it appear that the breaking was not the first breaking, or that any notice was given to the owner as required by law.

5. There was no error in overruling the motion for a new trial.

*Judgment affirmed.*

Decided October 7, 1915.

Accusation of maiming cattle; from city court of Statesboro—Judge Proctor. February 12, 1915.

*J. R. Roach,* for plaintiff in error.

*Homer C. Parker, solicitor,* contra.