## Moss *v*. The State.

Atkinson, J. 1. Jim Hugh Moss was jointly indicted with Cliff Thompson and Eula E. Thompson, for the murder of Coleman Osborn by shooting him with a pistol. Moss on separate trial was convicted. One ground of his motion for new trial is because the court admitted in evidence a "magnifying glass for the use of the jury in making a comparison, if they saw fit to use it, . . to see more clearly the marks on the shells" that had been admitted in evidence. The admission of the magnifying glass in evidence was over the objections: (a) That it was immaterial and irrelevant. (b) That "no member of the jury has qualified as an expert, and all they can do is to take the evidence from the witnesses on the stand." *Held:*

(a) It was not error to admit the evidence over the objections urged at the time it was offered.

(b) Other grounds of objection were set forth in the motion for new trial and argued in the brief of attorneys for the plaintiff in error. It does

not appear that these objections were urged at the time the evidence was admitted. In the circumstances these grounds of objection can not now be considered.

2. The admission in evidence of testimony of the sheriff of the county, that he knew one of the other defendants, and that such codefendant was in the county jail just a few yards from the court-house, if immaterial, was not of such character as would render its admission harmful to the defendant, and is not cause for reversal.

3. "A ground of a motion for a new trial assigning error upon the admission of evidence will not be considered unless the evidence is sufficiently set forth for the question of its admissibility to be determined without reference to other parts of the record." *Pound* v. *Smith,* 146 *Ga.* 431 (5) (-91 S. E. 405). Under application of this principle, a ground of a motion for new trial which complains of the refusal of the court "to rule out the evidence of the witness T. B. Etheridge, that he asked where Jim Hugh Moss was, and was told he was not at home," on the ground "that it was hearsay evidence," is insufficient. It would require resort to the brief of the evidence to determine the admissibility or harmful effect of the evidence. The ground of the motion for new trial fails to state the name of the person of whom the witness Etheridge made the inquiry, or where the person was, or the time referred to at which Moss "was not at home."

4. A ground of the motion for new trial complains of a ruling of the court permitting the solicitor-general, over timely objection by the defendant, to make a statement in the presence of the jury as to certain testimony which he proposed to elicit from the witness, and to invoke a ruling thereon as to its admissibility. After the statement was made by the solicitor-general the attorney for the defendant objected to the admission of such evidence. The court announced, "I sustain the objection; leave it out." The complaint is that the court erred in allowing the solicitor-general to make the statement in the presence of the jury, and that the statement was made for the purpose of prejudicing the defendant in the minds of the jury. In the circumstances, whether or not the evidence was admissible, the ruling of the court was not cause for reversal. *Sullivan* v. *Padrosa,* 122 *Ga.* 338 (2), 341 (50 S. E. 142).

5. The adverse rulings to the plaintiff in error in divisions 9, 10, 11, and 12 of the decision in the companion case of *Thompson* v. *State,* ante, 512, are controlling upon all questions so far as properly made in grounds 1, 3, 4, and 7 of the amendment to the motion for new trial in this case.

6. The evidence was sufficient to support the verdict, and the judge did not err in overruling the motion for new trial.

*Judgment affirmed. All the Justices concur, except Russell, C. J., who dissents.*

Russell, C. J. For the reasons stated in *Thompson* v. *State,* I dissent from the ruling in headnote 6.

No. 6356. June 13, 1928. Rehearing denied July 11, 1928.

Descriptive lines, and counsel's names, as in case next preceding.