## 20309. DURHAM *v.* THE STATE.

DECIDED APRIL 15, 1930. REHEARING DENIED MAY 13, 1930.

*Benton Odom, A. S. Johnson,* for plaintiff in error.
*Robert B. Short, solicitor-general, J. A. Drake,* contra.

LUKE, J. The defendant (George Durham) and J. C. Durham were jointly indicted for stealing a cow of the value of $20 from James Bryant. A jury found the defendant guilty, and the court

sentenced him to serve six months on the chain-gang. The exception here is to the overruling of the motion for a new trial, based upon the usual general grounds and four special grounds.

In his brief counsel for plaintiff in error insists that "the evidence adduced on the trial of the case either shows that the defendant in good faith purchased the cow in question from the witness Bentley, or that plaintiff in error and the witness Bentley were both perpetrators of the offense." We think that this is a reasonable summing up of the evidence.

The first special ground of the motion for a new trial alleges that the court erred in charging the law of conspiracy, for the reason that there was no evidence to authorize said charge. The cow was taken from a herd of range cattle by the defendant and the witness Bentley, driven to the lot of J. C. Durham, sold by the defendant to a butcher, and butchered near J. C. Durham's home. Diligent search by the owner of the cow, made very shortly after it was missing, failed to locate the animal, but did disclose the foregoing facts.

The court did not err in charging the law of conspiracy, and the charge was not objectionable as being confusing, or as intimating to the jury that there was a conspiracy between the defendant and the witness Bentley.

The second special ground, complaining that the court erred in failing to charge (without request) that the uncorroborated evidence of Bentley would not be sufficient to convict, is without merit. See *Butts* v. *State*, 14 *Ga. App.* 821 (82 S. E. 375).

The third special ground, complaining that the court erred in failing to charge (without request) that the publicity of the taking "was strong evidence of the good faith of the defendant," is without merit.

The fourth special ground, complaining that one of the jurors trying the defendant was the defendant's third cousin, and averring that neither the defendant nor his counsel was "able, by ordinary diligence, to discover the relationship" until after trial discloses no reversible error. The ground does not show either why the defendant did not know why his own cousin sat upon his jury, or why the fact of his cousin's being on the jury was harmful to the defendant's case. The law controlling a situation like the one complained of in this special ground is stated in *Maxwell* v. *State*,

28 *Ga. App.* 120 (110 S. E. 420) : "A new trial will not be granted in a criminal case because of the relationship within the prohibited degrees of a juror to the accused, although such relationship was unknown to the accused and his counsel until after verdict." See also the following cases cited in that decision: *Downing* v. *State,* 114 *Ga.* 30 (39 S. E. 927); *Barnes* v. *State,* 17 *Ga. App.* 266 (2) (86 S. E. 461).

The evidence warranted the verdict, and the court did not err in overruling the motion for a new trial for any reason assigned.

*Judgment affirmed. Broyles, C. J., and Bloodworth, J., concur.*