## 52163. EALEY v. THE STATE.

QUILLIAN, Judge.

Defendant appeals his conviction of burglary. *Held:*

Enumerated as error is the defendant's contention that the state failed to prove "one of the essential elements of the offense of burglary, to wit: 'without authority.'" The following discourse occurred during the state's examination of the burglary victim: "Q . . . had you given Johnny Ealey [the defendant] authority to go into your house and to remove that sofa . . . [The Court]: I sustain that objection. [District Attorney]: Your Honor, this is an element of the offense. . .[The Court]: Yes, but I sustain the objection, and if you can't prove it legally. . .why you just can't prove it, but I sustain the objection. Q. All right, let me ask it this way. Have you given anyone authority... [The Court]: No, that's still a leading question, I sustain the objection."

When the state rested its case, defense counsel moved to dismiss on the ground that the state failed to prove the element of "without authority" in the offense of burglary. The judge then asked: "Well, what is the testimony about the absence of authority on the part of someone who might have entered?" The district attorney explained: "Well, I was trying to elicit that when Your Honor — I asked him specifically about Ealey and then I tried to change it to say 'had you given anyone,' and Your Honor wouldn't let me ask the question, and you know, effectively quieted the man down about that particular issue. [The Court]: Well, of course, the law imposes on the Court just as much as it does on the state the proof of all elements of the offense in a legal manner, and if the question is not properly asked and the Court sustains an objection to an improper question, the Court does not thereby assume the responsibility of the state's failure to present its case properly."

First, we will note in passing that the defense did not object to the second question regarding whether the victim had "given anyone authority" to enter his apartment or take his furniture. Second, it was not a leading question.

Extensive, intensive and continuous — but not

conclusive, explanations of a "leading question" have not improved upon the original and unexcelled explanation by Professor Wigmore: "[T]he most important peculiarity of the interrogational system is that it may be misused by *suggestive questions* to supply a false memory for the witness — that is, to suggest desired answers not in truth based upon a real recollection." III Wigmore on Evidence, (Chadbourne Rev.) (1970), p. 154, § 769 (1); 1 Greenleaf on Evidence (15th Ed.) § 434; 3 Taylor on Evidence (9th Ed.), § 1404; Green, Georgia Law of Evidence § 128.

Leading questions are generally allowed only on cross examination. Code § 38-1706. However, a question is not open to the objection that it is leading when it does not suggest the answer desired. *Sivell v. Hogan,* 115 Ga. 667 (1) (42 SE 151); *Phinazee v. Bunn,* 123 Ga. 230, 232 (2) (51 SE 300); *Lowe v. Athens Marble &c. Co.,* 104 Ga. App. 642, 644 (4) (122 SE2d 483).

The fact that the question referred the witness to the *topic* to be answered, that is — whether or not the resident of the apartment gave anyone permission to enter the apartment, or to take away his possessions, does not make it a leading question. "Questions may legitimately suggest to the witness the *topic* of the answer." III Wigmore on Evidence, (Chadbourne Rev.) (1970), p. 154, § 769 (1); 98 CJS 41, Witnesses, § 330 (b); 81 AmJur2d 438, Witnesses, § 429. Cf. *King v. Westbrooks,* 114 Ga. 307 (40 SE 262); *Hammond v. State,* 212 Ga. 186 (5) (91 SE2d 615); *James v. State,* 215 Ga. 213, 214 (3) (109 SE2d 735).

Accordingly, as the offense of burglary requires proof of the essential element of lack of authority to enter or remain within the dwelling house of another (Code Ann. § 26-1601; Ga. L. 1968, pp. 1249, 1287), and the evidence showed that there was no breaking but that defendant entered with a key, the remaining circumstantial evidence being insufficient to prove this essential element beyond a reasonable doubt, and the erroneous ruling of the trial court prevented the state from offering evidence as to this element, we must reverse the conviction.

*Judgment reversed. Deen, P. J., and Webb, J. concur.*

SUBMITTED MAY 5, 1976 — DECIDED JUNE 21, 1976.

*Harrison, Jolles, Miller & Bush, Charles F. Miller, Jr.,* for appellant.

*Richard E. Allen, District Attorney, Lansing B. Lee, III, Assistant District Attorney,* for appellee.