## 54956. AUFDERHEIDE v. THE STATE.

MCMURRAY, Judge.

Mrs. Aufderheide was separated from her husband, the defendant, and along with her young son shared a rented house with another woman and her child. Mrs. Aufderheide had not told defendant where she and their son were living.

On the evening of February 15, 1977, Wayne Snow, a friend of Mrs. Aufderheide's, was visiting. Wayne Snow, Mrs. Aufderheide and her son were sitting on a couch watching television when defendant broke in the door of the house, entered and threatened to kill Wayne Snow.

Defendant was indicted and convicted of burglary and terroristic threats. Defendant appeals. *Held:*

1. The defendant enumerates as error the denial of his motion for directed verdict of acquittal on the burglary count. Defendant argues that the state failed to prove lack of authority on the part of the defendant to be on the premises being rented by defendant's wife. Mrs. Aufderheide testified that she and her husband were separated, that she and another woman had rented the house as a home for themselves and their children, that

she had not told her husband where she was living, and desired that he not know where she lived. This is sufficient evidence to show defendant's lack of authority to be on the premises at the time of the incident. The defendant did not enter with a key as in *Ealey v. State,* 139 Ga. App. 110, 111 (227 SE2d 902), but broke in a door to enter the dwelling.

2. Defendant enumerates as error the denial of his motion for directed verdict of acquittal on the charge of terroristic threats. Defendant argues that his conduct towards the victim, Wayne Snow, constituted an overt act towards carrying out his threat, thereby constituting an assault upon the victim, and that under *Zilinmon v. State,* 234 Ga. 535, 539 (216 SE2d 830), the terroristic threat conviction cannot stand. *Zilinmon v. State,* supra, deals with the proscription that a criminal defendant may not be convicted of more than one crime if one is included in the other. Here, the count of the indictment charging terroristic threats has not merged into a conviction for a violation of some other statute such as burglary. It is a different matter, as in *Zilinmon,* where the defendant was charged with aggravated assault with intent to murder as well as terroristic threats and was convicted of both. The terroristic threats were carried out and completed in the aggravated assault.

3. Defendant contends the court erred by expressing its opinion as to the guilt of defendant and as to what had not been proven in the presence of the jury. See Code § 81-1104. The judge's remark occurred as part of a colloquy between the court and counsel during the trial of the case. No objection or motion for mistrial was made by defendant at trial, thus defendant may not raise this issue for the first time on appeal. *Pitts v. State,* 141 Ga. App. 845, 846 (5) (234 SE2d 682).

4. The court did not err in refusing to charge on defense of habitation. See Code § 26-903. There was no evidence presented at trial which would support a contention that defendant reasonably believed that threats or force was necessary to prevent or terminate an unlawful entry into or attack upon a habitation by Wayne Snow or any other person.

5. The trial court sustained the state's objection on the materiality of this question asked defendant's wife:

"Didn't your husband either pay or give you the sum of $100.00 shortly after you left the family home of you and your husband for support and what not for yourself and the child, pay the rent, buy groceries and what not?" Defendant contends that an affirmative answer would tend to show defendant had a proprietary interest in the home Mrs. Aufderheide was living in and that defendant therefore had authority to enter the home. We do not agree that an affirmative answer would tend to suggest any proprietary interest on the part of defendant. The sum of money if paid was by the wording of the question for the support of the wife and child after they had left the family home. This would create no inference of any proprietary interest on the part of defendant in their separate home. This immaterial and irrelevant question was properly excluded by the trial court.

6. Defendant's remaining enumeration of error is not supported by argument or citation of authority and is deemed abandoned. Rule 18 (c), Code Ann. § 24-3618 (c).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED JANUARY 10, 1978 — DECIDED FEBRUARY 21, 1978.

*Carl A. Veline, Jr., Kenneth E. Lucas,* for appellant. *Stephen Pace, Jr., District Attorney,* for appellee.