## 55450. WOOTEN v. THE STATE.

McMurray, Judge.

Defendant was indicted and convicted for the offense of burglary. Defendant's motion for new trial was denied and he appeals. *Held:*

1. Defendant based his motion for new trial in part on his contention that unbeknownst to him, a member of his trial jury was related to him within the prohibited degree. Defendant acknowledges the general rule that a new trial will not be granted in a criminal case because of the relationship within the prohibited degrees of a juror to the accused, although the relationship be unknown to the accused and his counsel until after the verdict. *Downing v. State,* 114 Ga. 30 (1), 31 (39 SE 927); *Sikes v. State,* 105 Ga. 592 (1), 593 (31 SE 567); *Lumley v. State,* 59 Ga. App. 903 (2 SE2d 518); *Durham v. State,* 41 Ga. App. 421 (4), 423 (153 SE 222). The foundation of this principle is the presumption that a juror would tend to favor a kinsman. See *Giant Peanut Co. v. Carolina Chemicals, Inc.,* 133 Ga. App. 229, 230 (2) (211 SE2d 155). Here, the defendant contends that the presumption should not be applied because the kinsman juror knew of defendant's prior convictions and knew defendant was awaiting trial for another felony arising out of a family dispute. The record before us contains no support for this contention. The evidence presented on the hearing of the motion for new trial was that the juror in question did not know at the time of the trial that her husband was a second or third cousin of the defendant. The juror testified that she had never heard the name Wooten before or seen Mr. Wooten before in her life; that she was not prejudiced against anyone and that she had not learned until after the time of the trial of her husband's relationship with the defendant. Any error here was harmless and the trial court did not

err in denying defendant's motion for new trial.

2. At the close of the state's evidence the defendant made his motion for directed verdict, contending that there was insufficient evidence to prove defendant's lack of authority to enter or remain within the dwelling house of another because Wanda Tschudy, who owned the home along with her husband, had not testified and there remained the unresolved possibility that she had authorized defendant's entry into the home. The trial court allowed the state to reopen its case and the state presented as a witness Wanda Tschudy; the assistant district attorney stating in his place that he did not know prior to the testimony given at the trial that she had an ownership interest in the house. The defendant objected to the addition of Wanda Tschudy to the witness list. The defendant contends that the state was well aware of the witness and what her testimony would be.

The trial court granted defendant's motion for an inspection of the files of the district attorney's office to determine whether or not there was anything in the file that would suggest that the state had knowledge of Wanda Tschudy's ownership interest in the house. Police reports from the file were introduced into evidence by defendant, one a receipt signed by Mrs. Tschudy when the personalty taken from the house was returned by police and the other a piece of paper with only the names of Mr. and Mrs. Tschudy and their work and home phone numbers. These reports were not sufficient to support defendant's contention.

Generally, any knowledge of police officers who know about witnesses shortly after the crime because of their investigation of the case is not imputable to the prosecuting attorney. *Scott v. State,* 230 Ga. 413, 414 (1) (197 SE2d 338). There being no contradiction to the assistant district attorney's statement in his place and the requirements of Code Ann. § 27-1403 (Ga. L. 1966, pp. 430, 431) having been met, the assistant district attorney was properly permitted to use Wanda Tschudy as a witness even though her name did not appear on the list of witnesses furnished defendant's counsel. *McGinty v. State,* 134 Ga. App. 399, 404 (3) (214 SE2d 678); *Jones v. State,* 135 Ga. App. 893, 898 (6) (219 SE2d 585); *Butts v.*

*State,* 126 Ga. App. 512, 513 (1) (191 SE2d 329). Furthermore, the state having proven by the testimony of a lawful occupant and part owner, Clarence Tschudy (husband of Wanda Tschudy), that defendant lacked authority to enter and remain within the dwelling house, the evidence was sufficient to allow the case to go to the jury for decision where the defendant did not offer to show that entry was made with the authority of the other part owner and occupant. See *Murphy v. State,* 238 Ga. 725, 729 (2) (234 SE2d 911).

*Judgment affirmed. Quillian, P. J., and Webb, J., concur.*

SUBMITTED MARCH 6, 1978 — DECIDED APRIL 25, 1978.

*Paul S. Weiner,* for appellant.
*Robert E. Keller, District Attorney, Michael D. Anderson, Assistant District Attorney,* for appellee.