### 60254. MYRICK v. THE STATE.

DEEN, Chief Judge.

This case is a companion case to *Warner v. State,* 155 Ga. App. 495 (1980), and Myrick also appeals from his convictions of theft by taking, credit card theft and violation of the Georgia Firearms and Weapons Act.

1. Appellant claims that the trial court erred in not granting a severance and that introduction of Warner's confession to a police officer denied him of his right to confrontation because Warner refused to take the witness stand.

"The decision of whether to sever the trial is vested in the trial judge's discretion, but there are a few concrete questions the trial court should address when exercising its discretion, and in the light of which an appellate court may review that exercise of discretion. Some are: '1. Will the number of defendants create confusion of the evidence and law applicable to each individual defendant? 2. Is there a danger that evidence admissible against one defendant will be considered against another despite the admonitory precaution of the court? 3. Are the defenses of the defendants antagonistic to each other or to each other's rights?' [Cit.]" *Crawford v. State,* 148 Ga. App. 523, 526 (251 SE2d 602) (1978). Appellant contends that his rights were damaged by the failure of the court to grant a separate trial because Warner could have been called to the witness stand and would have offered testimony that would have tended to exculpate appellant. There is nothing in the record to show that had appellant been given a separate trial Warner would have waived his Fifth Amendment rights and been willing to testify or that Warner would have given exculpatory testimony. As appellant failed to present such evidence to the trial court, the court did not abuse its discretion in denying his motion to sever. Likewise, the admission of Warner's statement to the police officer did not require a severance. The trial court held a Jackson-Denno hearing and determined that the statement was freely and voluntarily made. Warner stated that he knew that the credit cards were stolen and admitted using a stolen bank card at the C & S Instant Teller and that he knew that the shotgun was in the trunk of the car although he denied that it belonged to him. The statement did not name either of the co-defendants and did not implicate them in any way. It did not in any way contradict the statements of Jackson or Myrick. Rather, it conformed with them. Any possible error in admitting a confession of a co-defendant where the co-defendant refused to testify is rendered harmless where the confession parallels the statements of the co-defendants. *Baker v. State,* 238 Ga. 389 (233 SE2d 347) (1977). The trial court did not abuse its discretion in denying appellant's motion to sever.

2. Appellant complains that his confession and that of his co-defendant Jackson were involuntarily made and therefore improperly admitted into evidence. The trial court held a Jackson-Denno hearing and found that the statements were freely and voluntarily made. There is ample evidence to support the findings of the trial judge and they will be accepted by this court. *Brown v. State,* 150 Ga. App. 116 (257 SE2d 25) (1979). The fact that the admissions were not reduced to writing does not make them inadmissible. *Hayes v. State,* 152 Ga. App. 858 (264 SE2d 307) (1979).

After the state made a prima facie showing of voluntariness, the question of whether the statement was freely and voluntarily given was one of fact for the jury. *Frazier v. State,* 150 Ga. App. 343 (258 SE2d 29) (1979). There was ample evidence from which the court and the jury could find that the statements were freely and voluntarily made. *Gray v. State,* 151 Ga. App. 684 (261 SE2d 402) (1979). Appellant has no standing to complain of the voluntariness of his co-defendant's confession. *Sims v. State,* 243 Ga. 83 (252 SE2d 501) (1979).

3. Appellant further contends that the trial court erred in rebuking counsel before a single isolated juror. The transcript shows that in the midst of the trial, the court was informed that one of the jurors knew two of the defendants. The trial court offered to impanel the alternate juror and the district attorney replied, "I think the ultimate question is, will the juror be fair and impartial." The court then asked if counsel wanted the juror in question to be brought in and questioned as to her impartiality. Counsel agreed to have the juror brought in and questioned by the court. During questioning the juror stated that knowing two of the defendants would not keep her from being fair and impartial. Counsel for defendant Warner stated, "On behalf of all the defendants, they respectively request that this juror be kept impanelled." At that point the court reprimanded counsel for his comment by stating, "That was not proper to say in front of this juror and you knew that. I asked you if you had any questions you wanted to ask the juror. That is entirely improper. I rebuke you and your two colleagues. You know that it is not proper to say something in front of the juror about whether you want her or not. I rebuke you for doing that. A lawyer has a duty to his client, but he has a duty to the court as an officer of this court ... Madam, you may return to the jury room."

The transcipt shows that no objection was voiced to the trial court's comments, nor were there any curative instructions requested or a motion made for a mistrial. Absent objection or a motion for a mistrial, appellant cannot complain of any alleged expression of opinion by the trial court. *Brown v. State,* 150 Ga. App. 289 (257 SE2d 359) (1979). As the motion for a mistrial was not made until after a recess, examination of a state's witness, submission of the state's exhibits into evidence and the close of the state's case, the trial court did not err in failing to grant an untimely motion for a mistrial where no objection had been made. *Favors v. State,* 145 Ga. App. 864 (244 SE2d 902) (1978).

4. Appellant enumerates as error the trial court's failure to grant a directed verdict as to count four of the indictment (possession of a sawed-off shotgun). He argued in his motion that the state failed

to prove that the sawed-off shotgun was operative and Code Ann. § 26-9914a (c) excepts from the law possession of an inoperative weapon.

Myrick was driving the automobile in which the shotgun was found. Officer Ghetti testified that the barrel of the shotgun was 14-1/2″ long. Code Ann. § 26-9912a provides: "A person commits unlawful possession of firearms or weapons when he knowingly has in his possession any sawed-off shotgun, . . . as defined in this law [§§ 26-9910a through 26-9916a]." Code Ann. § 26-9913a defines a sawed-off shotgun as ". . . a shotgun or any weapon made from a shotgun (whether by alteration, modification, or otherwise) having one or more barrels less than 18 inches in length or if such weapons as modified has an overall length of less than 26 inches." Code Ann. § 26-9914a does permit an exception to this law for "[a]ny sawed-off shotgun . . . which has been modified or changed to the extent that it is inoperative. Examples of the requisite modification include: weapons with their barrel or barrels filled with lead . . ." The weapon was introduced into evidence for examination by the jury. The shotgun was the best evidence as to whether it was operative or inoperative. " 'All properly introduced documentary and demonstrative evidence will be taken into the jury room when the jury retires. This includes photographs, guns and other objects . . . The jury may examine and evaluate objects taken to the jury room, so long as their examinations and tests do not have the effect of introducing new evidence. Thus they may use a magnifying glass to examine evidence. The jury may smell and taste the contents of a jug to determine if it contained whiskey.' 11 EGL Evidence, § 91, citing, inter alia, *Moss v. State,* 166 Ga. 517 (143 SE 900) (1928); *Smith v. State,* 122 Ga. 154 (50 SE 62) (1905); *Union v. State,* 7 Ga. App. 27 (66 SE 24) (1909): Annot., 95 ALR 2d 351.

"The burden is on the appellant to show harm as well as error. *Chenault v. State,* 234 Ga. 216, 220 (2) (215 SE 2d 223) (1975) and cits. The jurors, who were presumedly intelligent (*Guy v. State,* 138 Ga. App. 11 (5) (225 SE 2d 492) (1976); *Anderson v. State,* 142 Ga. App. 282 (1) (235 SE 2d 675) (1977)), also can be presumed to have been certain enough from a visual examination of the evidence" *Carson v. State,* 241 Ga. 622, 626 (247 SE 2d 68) (1978), and their familiarity with guns, to determine whether the gun was operable or inoperable.

The state thus established prima facie that the weapon was operative. Assuming arguendo that this evidence for any reason was insufficient, Code Ann. § 26-9915a would fill the gap: "In any complaint, information, accusation or indictment, and in any complaint or proceeding brought for the enforcement of any pro-

vision of this law [§§ 26-9910a through 26-9916a], it shall not be necessary to negative any exception, excuse, proviso or exemption, contained in this law, *and the burden of proof of any such exception, excuse, proviso or exemption shall be upon the defendant."* (Emphasis supplied.)

The court did not err in denying appellant's motion for a directed verdict.

5. The general grounds are also without merit. After a review of the entire record, we find that a rational trier of fact could reasonably have found from the evidence adduced at trial proof of the guilt of the defendant beyond a reasonable doubt.

*Judgment affirmed. Birdsong and Sognier, JJ., concur.*

SUBMITTED JULY 8, 1980 — DECIDED SEPTEMBER 2, 1980.

*Michael Edward Bergin,* for appellant.

*Lewis R. Slaton, District Attorney, Joseph J. Drolet, Margaret V. Lines, Assistant District Attorneys,* for appellee.