## 38430. BRYANT v. THE STATE.

MARSHALL, Justice.

Milton Bryant appeals from his conviction of murder, for which he was sentenced to life imprisonment.

1. It is first contended that the evidence was insufficient to support the conviction. There was evidence as follows. The victim, Diane Spence, a 16-year-old white female, had moved to Atlanta from Virginia approximately three weeks before she was fatally shot. She lived with the appellant, a black man, and his roommate, Roy Jones,

---

in an apartment. The week before the shooting, Jones moved out of the apartment because of arguments between the appellant and the victim. On the morning of the shooting, the appellant waved down a police officer in front of his apartment; told him that his girlfriend had left him and taken his wallet; and threatened to kill her. Later that morning, the appellant, who was carrying a gun, repeated his story and his threat to Jones. The appellant and Jones learned that the victim was at the Greyhound Bus Station. They went there, and the appellant caused such a disturbance trying to get the victim out of hiding in the ladies' restroom that the police were summoned. The police coaxed the frightened victim out of the restroom, and she denied having stolen the appellant's wallet. When the appellant complied with the police request to leave the station, he told Jones to "watch this bitch until I go home and get my gun." Shortly thereafter, he returned to the station with a gun — mad, upset, and threatening to kill the victim, Spence. When she ran out of the restroom into the gift shop, she told the cashier that her boyfriend wanted to shoot her. Seconds later, the appellant ran into the gift shop and several witnesses saw him fatally shoot the victim a number of times, several of which after she was lying on the floor. The appellant then fled, and, when finally arrested in New York three years later, he admitted that he knew the arrest was for murder, and that he had disposed of his weapon in Atlanta. The appellant's wallet, containing identification and driver's license but no money, was found in the ladies' restroom at the bus station.

The above evidence was sufficient to authorize the conviction under the standard of review of Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

2. Next enumerated as error is the trial court's sustaining of the prosecution's objection to defense counsel's question, on cross-examination of witness Jones, as to whether the victim had been a prostitute.

Under Code § 38-202, the character of a party is irrelevant unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct. In the instant case, there was evidence that witness Jones (the appellant's former roommate) had taken in a girl named Marie, who had been arrested for prostitution; that the victim had stolen the appellant's wallet, used his money to buy a bus ticket, and discarded the wallet and papers; and that Jones heard about the theft from Marie. The appellant argues that his question was not "an attempt at character assassination," but rather "a search for the whole truth of the case."

We agree with the trial court, that whether or not the victim was a prostitute was not relevant to a determination of who killed her. See

*Bullard v. State,* 127 Ga. 289 (1) (56 SE 429) (1907); *Abner v. State,* 139 Ga. App. 600 (5) (229 SE2d 83) (1976). There was no abuse of discretion in excluding this testimony.

3. Finally, the appellant enumerates as error the following closing argument of the prosecution: "Now, Ladies and Gentlemen, this is your community, this is your county, and this is the place that you live. And it is the request of the state that you would send a message to Milton Bryant and all the other would-be Milton Bryants that when they shoot a 16-year-old girl . . ."

What Code § 81-1009 prohibits is argument of prejudicial matters *which are not in evidence.* The appellant did not specify either at trial or in his appellate brief why he believes that the argument by the state was prejudicial or improper. The argument refers to no facts not in evidence. There was evidence as to the victim's age, and we have held hereinabove that there was sufficient evidence to authorize the finding — hence the argument — that the appellant shot the victim. "Appeals to convict for the safety of the community" have been upheld as not being improper. *Borden v. State,* 247 Ga. 477 (4) (277 SE2d 9) (1981) and cit.

Moreover, the appellant merely objected to the argument, and neither requested curative instructions nor moved for a mistrial. *Mobley v. State,* 158 Ga. App. 561 (2) (281 SE2d 268) (1981) and cits. This enumerated error is without merit.

*Judgment affirmed. All the Justices concur.*

DECIDED APRIL 6, 1982.

*Robert M. Coker,* for appellant.

*Lewis R. Slaton, District Attorney, Margaret V. Lines, Assistant District Attorney, Michael J. Bowers, Attorney General, Virginia H. Jeffries, Staff Assistant Attorney General,* for appellee.

