67435. STEPHENS v. THE STATE.

CARLEY, Judge.

Appellant appeals from his conviction and the sentence which was entered on a jury verdict finding him guilty of burglary.

1. Appellant's first enumeration of error addresses the admission into evidence of an oral statement that he gave to police. Appellant's

contention is that his statement was not voluntarily given and was made in the absence of his knowing and intelligent waiver of the right to counsel.

When appellant contested the admissibility of his statement, the trial court conducted a Jackson-Denno hearing. Although not without conflict, the evidence presented at the hearing clearly authorized the trial court's finding that appellant was read his Miranda rights and, thereafter, signed a waiver of rights form before he gave his oral statement to the officers. No serious contention was made that the waiver or the subsequent statement was induced by threats, promises or coercion. "Under these circumstances, appellant's statement was freely and voluntarily given and the trial court did not err in failing to exclude it." *Hance v. State*, 245 Ga. 856, 859 (268 SE2d 339) (1980).

This result is not changed by the fact that, after making his oral statement, appellant refused to sign a written statement without first speaking with counsel. The trial court was authorized to find that this request for benefit of counsel, which was made only after the oral statement had been given, was the first time that appellant sought to invoke the constitutional rights that he had previously waived. The effect of this assertion by appellant of his right to counsel was to render inadmissible any statement *subsequently* given by him in violation thereof. Edwards v. Arizona, 451 U. S. 477 (101 SC 1880, 68 LE2d 378) (1981). It did not, however, have the effect of rendering inadmissible any *previous* statement which appellant had already made pursuant to a valid waiver of his constitutional rights. The holding in Edwards does not stand for the proposition "that the authorities could in no event use any incriminating statements made by [the accused] prior to his having access to counsel." Edwards v. Arizona, supra at 485. Appellant received the full protection afforded by Edwards when only his oral statement and nothing else was admitted into evidence against him.

Appellant further contends that the effect of the undisputed evidence that he invoked his right to counsel before signing a written statement is to bolster and enhance the credibility of his testimony that he had requested but had been denied an attorney several times previous to making the oral statement. A trial court's findings as to factual determinations and credibility relating to the admission of incustody statements will be upheld on appeal unless clearly erroneous. See generally *Gates v. State*, 244 Ga. 587, 590 (261 SE2d 349) (1979). In the instant case, the trial court was clearly authorized to find, based upon the testimony of the interrogating officer, that appellant first invoked his right to counsel only after having already given an oral statement pursuant to a written waiver of rights.

Lastly, it is of no consequence that appellant signed no written statement. "The fact that the admissions were not reduced to writing

does not make them inadmissible. [Cit.]" *Myrick v. State*, 155 Ga. App. 496, 497 (2) (271 SE2d 637) (1980).

2. Appellant enumerates the denial of his motion for a directed verdict of acquittal. The contention is that there was insufficient evidence of unauthorized entry to authorize a finding of burglary.

The relevant evidence was as follows: Appellant's brother-in-law, who was one of the owners of the house where the burglary took place, testified that he left his residence, and locked the doors behind him. Sometime later, he returned and discovered that there had been a forced entry into his home and that several guns were missing. He further testified that he had given no one his "personal permission" to enter the house in his absence.

The other owner, appellant's sister, testified that she had spoken with appellant on the day of the break-in. According to her testimony, appellant called her at work and asked what time she would be getting off and whether her husband was at home. She told him that she did not know if her husband was at home but to "go ahead and go by and I'll be in about 1:00. If you're still there, I'll see you." When asked specifically if she had given appellant authority to enter her home, she responded only that "in one sense I guess I did. I told him he could go and I'd be there when I got off from work." The witness did not, however, testify that she had authorized appellant to force his way into her home. Indeed, she testified that if she had known that her husband was not home, she would have given appellant the key.

This evidence was sufficient to authorize the submission to the jury of the question of whether appellant's forcible entry of the home was unauthorized. See generally *Aufderheide v. State*, 144 Ga. App. 877 (1) (242 SE2d 758) (1978). The evidence clearly showed that the entry was without the "personal" authorization of one owner, whereas the testimony of the other owner did not indicate that she had authorized the forcible entry of her home. See generally *Wooten v. State*, 145 Ga. App. 743, 745 (245 SE2d 34) (1978). That appellant might otherwise have gained authorized entry to the house if he had obtained the key from his sister, (*Ealey v. State*, 139 Ga. App. 110 (227 SE2d 902) (1976)), is not inconsistent with a finding that the forcible entry by which appellant did accomplish his entry was unauthorized.

"A trial court must grant a motion for directed verdict unless, viewing the evidence in the light most favorable to the prosecution, a rational trier of fact could find the essential elements of the crime beyond a reasonable doubt. [Cit.]" *Lee v. State*, 247 Ga. 411, 412 (6) (276 SE2d 590) (1981). Viewing the evidence in the instant case most favorably for the state, a rational trier of fact could have found proof of the essential element of unauthorized entry beyond a reasonable

doubt. It was not error to deny appellant's motion for a directed verdict of acquittal.

*Judgment affirmed. Banke, J., concurs. Deen, P. J., concurs specially.*

DECIDED MARCH 16, 1984.

*Harlan M. Starr*, for appellant.
*Stephen A. Williams, District Attorney*, for appellee.

DEEN, Presiding Judge, concurring specially.

For the reasons stated in my special concurrence to *Maddox v. State*, 170 Ga. App. 498 (317 SE2d 617) (1984), I concur specially in the instant case.