## 66947. PITTMAN v. THE STATE.
### (322 SE2d 71)

SOGNIER, Judge.

Appellant was convicted of possession of cocaine in violation of the Georgia Controlled Substances Act, possession of a firearm during the commission of a felony, and trafficking in cocaine. On appeal he contends the trial court erred (1) by denying his motion for a directed verdict of acquittal of possession of a firearm during commission of a felony; (2) by denying his motions for a mistrial; (3) by allowing a police officer to state his opinion as to an ultimate fact in issue; (4) by allowing appellant to be tried on both charges at one trial; (5) by failing to give certain requested charges; and (6) by denying his demurrer attacking the constitutionality of the trafficking in cocaine statute, both as a matter of law and as applied to this case.

An undercover agent arranged with Beth Massey, a co-defendant, to purchase four ounces of cocaine. Blankenship, another co-defendant, got two ounces of cocaine from appellant to be sold for $2,150 an ounce, and returned to a truck where the undercover agent and Massey were waiting. Appellant, armed with a .22 calibre revolver, stayed nearby acting as cover for Blankenship, since $4,300 cash was involved. When Blankenship brought the cocaine to the agent, all parties involved in the drug transaction, including appellant, were arrested.

1. Appellant contends it was error to deny his motion for a directed verdict of acquittal as to possession of a firearm during commission of a felony, because the state did not prove that the revolver in appellant's possession was operable. In *Myrick v. State*, 155 Ga. App. 496 (271 SE2d 637) (1980), the same contention was decided adversely to appellant.

The weapon was introduced into evidence. In *Myrick* we held that the weapon itself was the best evidence as to whether it was operative or inoperative, and the jury could determine this issue from its own observation and the jurors' familiarity with weapons.

Appellant also contends that trafficking in cocaine (the felony involved while possessing a firearm) is not an offense against or involving another person, as contemplated by the legislature in enacting OCGA § 16-11-106 (a) (formerly Code Ann. § 26-9908a). This contention has been decided adversely to appellant. *Belcher v. State*, 161

Ga. App. 442, 444 (288 SE2d 299) (1982).

2. a. On redirect examination of a state witness who was a co-accused (Cantrell), the prosecuting attorney asked: "And did I tell you anything to say today," to which Cantrell replied: "No, you did not." Cantrell was then asked: "What did I tell you to do when you got on the stand," and he replied, "[t]o tell the truth." Appellant objected to this testimony and contends it was error to overrule his objection because the prosecuting attorney was vouching for the witness' credibility. However, during cross-examination appellant's counsel attempted to show that Cantrell was testifying because he knew what would make the prosecutor happy. The questions complained of were clearly in response to appellant's cross-examination. The conduct and extent of redirect examination of a witness in order to neutralize the effect of cross-examination is left to the trial court's sound discretion. *Aycock v. State*, 62 Ga. App. 812, 817 (5) (10 SE2d 84) (1940); *Daugherty v. Vick*, 127 Ga. App. 767, 768 (1) (195 SE2d 208) (1972). We find no abuse of that discretion in overruling appellant's objection to such testimony.

During closing argument the prosecuting attorney stated: "There's no evidence that I went around and tried to tell them what to say. On the contrary, tell the truth." Appellant's motion for a mistrial on the ground that the D. A. was stating her personal opinion was denied, and appellant alleges error.

A trial court has broad discretion in ruling on a motion for a mistrial, and this court will not disturb such a ruling in the absence of a manifest abuse of discretion, and granting a mistrial is essential to preserve a defendant's right to a fair trial. *McCormick v. State*, 152 Ga. App. 14, 15 (2) (262 SE2d 173) (1979).

It is obvious the prosecuting attorney was commenting on the evidence relating to credibility of witnesses, not expressing her personal opinion. Although the prosecuting attorney is prohibited from stating her personal opinion, she may make permissible inferences from the evidence. *Allen v. State*, 235 Ga. 709, 716 (221 SE2d 405) (1975). Thus, we find no error in denial of appellant's motion for a mistrial.

b. A state witness, Blankenship, testified he was present when a detective asked appellant where he lived, and appellant stated he lived with Blankenship. Appellant's objection to this testimony was sustained and the jury was instructed to disregard the testimony. The following morning appellant moved for a mistrial on the basis that he had not been given a summary of appellant's statement to the detective pursuant to a timely, written request as required by OCGA § 17-7-210. The motion for a mistrial was denied, and appellant contends error. We do not agree.

At the time of the objection the prosecuting attorney realized she had not given the defense a written summary of appellant's statement

and she agreed to have the testimony stricken. Where illegal evidence is admitted at the trial, it is not error to refuse the grant of a mistrial if the illegal or harmful testimony can be corrected by proper instructions to the jury. *Barrow v. State*, 235 Ga. 635, 641 (8) (221 SE2d 416) (1975). The decision not to grant a mistrial is within the discretion of the trial court, and should not be interfered with unless manifestly abused. Id. We find the court's instructions were sufficient to correct any illegal or harmful testimony. Further, appellant made no objection to the curative instructions, did not request additional instructions, and did not move for a mistrial on this basis until after the State rested its case. See generally *Favors v. State*, 145 Ga. App. 864, 867 (4) (244 SE2d 902) (1978); *Plemons v. State*, 155 Ga. App. 447, 449 (3) (270 SE2d 836) (1980).

c. Appellant contends it was error to deny his motion for a mistrial after the prosecuting attorney, in arguing for conviction of appellant, referred to protection of the community's children from drugs. This contention has been decided adversely to appellant. *Burke v. State*, 153 Ga. App. 769, 771 (8) (266 SE2d 549) (1980); *Bryant v. State*, 249 Ga. 242, 244 (3) (290 SE2d 75) (1982).

3. Appellant contends it was error to allow the arresting detective to state his opinion that it is common in drug transactions to have other people who are armed cover the deal, so the person making the actual transaction doesn't get "ripped off" (robbed).

Detective Goodbar had been a police officer for approximately 13-½ years and an undercover narcotics officer for 6-½ years. He had been involved in several hundred undercover deals, had attended seminars and had in-service training in drug enforcement. It is a matter within the sound discretion of the trial judge as to whether a witness has such learning and experience in a particular profession as to entitle him to be deemed prima facie an expert. *Redd v. State*, 240 Ga. 753, 755 (2) (243 SE2d 16) (1978). Detective Goodbar was obviously an expert in drug transactions, and the trial court did not err in allowing him to testify as to why he thought appellant was "covering the deal." Additionally, the co-accused told Goodbar that appellant was covering the deal. Under such circumstances, we find no error.

4. Appellant contends it was error to try appellant at one trial on two separate indictments. In this regard, OCGA § 16-1-7 (b) provides: "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they *must* be prosecuted in a single prosecution except as provided in subsection (c) of this Code section." (Emphasis supplied.) Subsection (c) provides that the court in the interest of justice may order that one or more of such charges be tried separately.

In the instant case all charges arose from one transaction, al-

though trafficking in cocaine was charged in a separate indictment. When two or more offenses are based on the same conduct constituting parts of a single scheme or plan, the joinder of the several crimes in one trial is not error. *Coker v. State*, 234 Ga. 555, 558 (1) (216 SE2d 782) (1975).

5. Appellant, citing *Mixon v. State*, 123 Ga. 581, 585 (7) (51 SE 580) (1905), contends it was error to deny his request to charge number one that when two persons are jointly indicted for the same offense, conviction of one creates no presumption of guilt as to the other. He also contends it was error to deny his requests to charge on intent and knowledge in relation to a determination of appellant's guilt or innocence.

a. Appellant's first requested charge is not applicable to the facts of the instant case because our Supreme Court has distinguished *Mixon*, where the co-indictee was convicted by a jury, from cases such as the instant case where the co-indictee pleaded guilty. *Lord v. State*, 235 Ga. 342, 346-347 (8) (219 SE2d 425) (1975). Based on the decision in *Lord*, it was not error to deny appellant's request to charge number one.

b. Appellant's third request to charge provided, in part, that "before you can find any of the defendants guilty . . . you must find that that person either directly committed the crime or aided or abetted in the commission of the crime knowing that the person directly involved intended to violate the statute charged, that is to sell more than 28 grams of cocaine." Appellant's request to charge number 14 provided: "Mere knowledge of the commission of the crime of another does not prove guilt. Nor does mere presence at the scene. Possession must be proved by some showing of dominion and control."

The transcript discloses that the trial court charged the jury that a person is a party to a crime if he directly commits the crime, or intentionally aids or abets in the commission of a crime. In the context of this charge, "intentionally" is synonymous with "knowingly." The trial court also charged the jury that mere presence at the scene does not prove guilt, and charged the jury on the meaning of possession. Thus, the trial court gave the applicable portions of the requested charges, although not in the exact language requested. The failure to give a charge in the exact language requested, where the charge given substantially covers the same principles, is not grounds for reversal. *Kelly v. State*, 241 Ga. 190, 191 (4) (243 SE2d 857) (1978).

Appellant's request to charge that mere knowledge of commission of a crime by another does not prove guilt is not adjusted to the evidence. Although appellant denied knowing that Cantrell was going to sell cocaine, other testimony established that appellant agreed to sell two ounces of cocaine for $2,150 per ounce, he was armed when ar-

rested, and told the police that the small amount of cocaine in his possession was payment for covering the deal. Such evidence shows that appellant was a participant in the drug transaction. Since appellant provided two ounces (56 grams) of cocaine to Cantrell, the requested charge that the State must prove that appellant had specific knowledge that the sale involved more than 28 grams of cocaine was not adjusted to the evidence. A charge which is not applicable to the facts should not be given. *Todd v. State*, 149 Ga. App. 574, 575 (2) (254 SE2d 894) (1979). Accordingly, it was not error to deny appellant's requests to charge 1, 3 and 14.

6. Lastly, appellant contends that the trial court erred by denying his general demurrer attacking the constitutionality of the cocaine trafficking statute as a matter of law, and as applied to this case. He argues that the court must find that 28 or more grams of pure cocaine were involved, not merely a mixture of cocaine and some other substance that totalled 28 or more grams. This issue has been decided adversely to appellant in *Lavelle v. State*, 250 Ga. 224 (1) (297 SE2d 234) (1982).

*Judgment affirmed. McMurray, C. J., and Deen, P. J., concur.*

DECIDED SEPTEMBER 6, 1984.

*John R. Martin, Mary J. Wilkes*, for appellant.
*W. Bryant Huff, District Attorney, Genevieve L. Frazier, Assistant District Attorney*, for appellee.

