A05A1097. HUNTZINGER v. THE STATE.
(620 SE2d 488)

MILLER, Judge.

Following a jury trial, Anthony Huntzinger was convicted of kidnapping. On appeal he contends that (1) the evidence was insufficient and (2) the trial court erred in excluding evidence regarding the alleged source of the victim's income. We discern no error and affirm.

1. Huntzinger claims that the evidence was insufficient to sustain his kidnapping conviction. We disagree.

On appeal from a criminal conviction, we view the evidence in the light most favorable to the verdict, and the defendant no longer enjoys the presumption of innocence. *Short v. State*, 234 Ga. App. 633, 634 (1) (507 SE2d 514) (1998). We do not weigh the evidence or determine witness credibility, but only determine if the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

So viewed, the evidence reveals that, following a dispute between the victim and Huntzinger over money that Huntzinger stole from him, Huntzinger drove to the victim's home with three other men. The three men got out of Huntzinger's car and, at Huntzinger's direction, forced the victim at gunpoint into the trunk of the car. With the victim still in the trunk, Huntzinger drove the car to a neighboring county, where Huntzinger and his cohorts removed the victim from the trunk, forced him to remove his clothes, beat him, and forced him down a sewer manhole. This evidence sufficed to sustain Huntzinger's conviction for kidnapping. *McKenzie v. State*, 274 Ga. 151, 152 (1) (549 SE2d 337) (2001); *Ross v. State*, 264 Ga. App. 830, 830-831 (1) (592 SE2d 479) (2003); OCGA § 16-5-40 (a).

2. Huntzinger argues that the trial court erred in granting the State's motion in limine to exclude evidence showing that the victim was a drug dealer. Specifically, Huntzinger argues that he was unfairly denied the opportunity to show through direct testimony and cross-examination that the money that he allegedly stole from the victim, which formed the basis of his original dispute with the victim, was drug money. We disagree.

"[A] victim's character is rarely relevant for any purpose in a criminal trial." (Citations omitted.) *Allen v. State*, 275 Ga. 64, 68 (3) (561 SE2d 397) (2002); see also OCGA § 24-2-2 (character of the parties and their conduct in other transactions are irrelevant "unless the nature of the action involves such character and renders necessary or proper the investigation of such conduct"). Further, although a defendant is entitled to effective cross-examination, this right is subject to the trial court's broad discretion to limit such cross-examination. *Allen*, supra, 275 Ga. at 68 (3).

Any evidence relating to the victim allegedly being a drug dealer was irrelevant to the issues relating to the victim's kidnapping. Such evidence would only have impugned the victim's character. Thus the trial court did not abuse its discretion by excluding such evidence. See *Bryant v. State*, 249 Ga. 242, 243-244 (2) (290 SE2d 75) (1982) (trial court properly prohibited defendant from cross-examining witness to show murder victim was a prostitute).

*Judgment affirmed. Blackburn, P. J., and Bernes, J., concur.*

DECIDED AUGUST 30, 2005.

*Glynn R. Stepp*, for appellant.

*Daniel J. Porter, District Attorney, Donald P. Geary, Assistant District Attorney*, for appellee.