## 51939. ADKINS v. THE STATE.

QUILLIAN, Judge.

This appeal arises out of the defendant's conviction and sentence for the offense of theft by taking. *Held:*

1. Two of the enumerations of error concerning the denial of the defendant's motion for directed verdict of acquittal and whether the evidence presented supported the finding of guilty are here considered together. They involve whether the evidence was sufficient to support the verdict and specifically whether the incriminating testimony of an accomplice was corroborated.

The accomplice testified that he and the defendant entered a certain store yard, Farmers' Mutual Exchange, by cutting the wire fence. He then related that he and the defendant removed therefrom two rolls of wire which the defendant sold to their employer. At a subsequent time he and the defendant removed five rolls which were sold to their employer and then another three rolls which the

defendant used at his home.

An officer who investigated the crime related that he went to the defendant's home and found the rolls of wire there. An employee of the company from which the goods were taken testified that the wire found at the defendant's home and the wire found at the employer of the defendant was of the same type as that stolen from the company and that ten rolls of the wire were stolen from the company. The defendant's employer testified that the defendant sold him two rolls of wire on one occasion and five rolls of wire on another occasion; that he delivered these rolls of wire to the officers who investigated the crime.

In a felony case, "there can be no conviction upon the testimony of an accomplice, unless the same is corroborated by other evidence connecting the accused on trial with the perpetration of the crime, and tending to show his participation therein." *King v. State,* 77 Ga. App. 539 (49 SE2d 196); *McCrory v. State,* 101 Ga. 779, 780 (28 SE 921).

"It is not required that this corroboration shall of itself be sufficient to warrant a verdict, or that the testimony of the accomplice be corroborated in every material particular . . . Slight evidence from an extraneous source identifying the accused as a participator in the criminal act will be sufficient corroboration of the accomplice to support a verdict . . . The sufficiency of the corroboration of the testimony of the accomplice to produce conviction of the defendant's guilt is peculiarly a matter for the jury to determine. If the verdict is founded on slight evidence of corroboration connecting the defendant with the crime, it can not be said, as a matter of law, that the verdict is contrary to the evidence . . ." *Brown v. State,* 232 Ga. 838, 840 (209 SE2d 180).

" 'After proof of the *corpus delicti,* the testimony of an accomplice is sufficiently corroborated to authorize a conviction for burglary by other evidence showing that . . . [shortly] after the burglary was committed, the accused was in possession of goods which were in the house when burglarized, the possession not having been satisfactorily explained, and the jury being satisfied from the whole evidence of the guilt of the accused.' " *Self v. State,* 108 Ga.

App. 201 (4) (132 SE2d 548), and cases therein cited. Applying the above set out rules to the facts of this case, we find there was sufficient corroboration of the accomplice's testimony to warrant a conviction.

2. The remaining enumeration of error is without merit.

*Judgment affirmed. Deen, P. J., and Webb, J., concur.*

SUBMITTED MARCH 2, 1976 — DECIDED APRIL 6, 1976.

*Claude W. Hicks, Jr.,* for appellant.

*Fred M. Hasty, District Attorney, Walker P. Johnson, Jr., Assistant District Attorney,* for appellee.