## 54216. BROWN v. THE STATE.

QUILLIAN, Presiding Judge.

The defendant appeals his conviction for burglary. He enumerates as error the denial of his motion for new trial on the general grounds and the refusal to direct a verdict of acquittal. *Held:*

The indictment charged that the defendant "did

unlawfully, without authority, enter into a certain building and storeroom located therein, the place of business of Jeanette Briere Educational Corp. doing business as Patricia Stevens Career College and Finishing School, . . . and did unlawfully take one woman's pocketbook of the value of $10.00 and the property of said corporation, with the intention of depriving said owner of said property."

A witness for the state testified he was working at his desk within a room at the finishing school when he heard a noise and upon investigation he saw the defendant "bent over the table where the props and purses were and some other things. And he had one of the purses in his hand." The defendant told him he was looking for work; that he took the defendant to the director of the finishing school's office and called the police.

The witness testified on cross examination that the events transpired during regular business hours when the office was open. On redirect examination he stated that only students and people who worked for the company were authorized to be in that area; that he did not give the defendant authority to be in that area.

The director of the finishing school testified that the defendant was brought into his office and when the police were called the defendant tried to get out of the room. The witness stated he did not give defendant authority to be in the suite of offices. On cross examination he stated the doors were unlocked to the offices and that it happened during normal business hours. In answer to the question "prior to seeing the defendant in your office, had you told him not to enter the Patricia Stevens Career College?", he responded, "I had no knowledge he was there."

"[T]he offense of burglary requires proof of the essential element of lack of authority to enter or remain . . ." *Ealey v. State,* 139 Ga. App. 110, 111 (227 SE2d 902). "Without authority" under Criminal Code of Georgia § 26-1601 (Code Ann. § 26-1601; Ga. L. 1968, pp. 1249, 1287) is defined as ". . . without legal right or privilege or without permission of a person legally entitled to withhold the right." Criminal Code of Georgia § 26-401 (r) (Code Ann. § 26-401 (r); Ga. L. 1968, pp. 1249, 1263; 1970, pp. 236, 237; 1973, pp. 292, 295).

Under the circumstances here, a jury question was presented as to whether entry into the particular area involved was accomplished without authority. See *Mayfield v. State,* 141 Ga. App. 483, 485 (233 SE2d 833). The jury having resolved the issue contrary to defendant's assertions, the trial judge did not err in denying the motion for directed verdict and overruling the motion for new trial.

*Judgment affirmed. Shulman and Banke, JJ., concur.*

SUBMITTED JULY 12, 1977 — DECIDED
SEPTEMBER 12, 1977.

*J. Douglas Willix,* for appellant.
*Lewis R. Slaton, District Attorney, Joseph J. Drolet, H. Allen Moye, Assistant District Attorneys,* for appellee.