## 65196. GLISSON v. THE STATE.

Carley, Judge.

Appellant appeals from his conviction and sentence for the offense of burglary.

1. Appellant asserts that there was insufficient corroboration of his co-defendant's testimony at trial to support a verdict of guilty of the offense of burglary.

The co-defendant testified at appellant's trial that he and the appellant entered a pastorium one night and removed several items, including a stove, and took them to a house where they both resided. An officer who investigated the crime testified that, on a tip, he went to the defendants' house, and that pursuant to a search, discovered items which fit the description of those stolen from the pastorium. Testimony by members of the church confirmed that the items seized were those removed from the pastorium.

We find that there was sufficient corroboration of the co-defendant's testimony to warrant a conviction for burglary. *Adkins v. State,* 138 Ga. App. 349 (226 SE2d 137) (1976).

2. Appellant asserts that the verdict is contrary to law under OCGA § 24-4-6 (Code Ann. § 38-109), in that it is based upon circumstantial evidence that does not exclude every reasonable hypothesis. "The evidence is sufficient to support the conviction . . . While there was circumstantial evidence tending to prove the guilt of appellant, there was also direct evidence of his guilt." *Kendricks v. State,* 231 Ga. 670 (203 SE2d 859) (1974). This enumeration is without merit.

3. Appellant asserts that the state failed to prove unlawful entry, a necessary element of the offense of burglary. At trial, Billy Smith testified that he was a member and deacon of the church and was responsible for the maintenance and upkeep of the pastorium. Mr. Smith further testified that he knew who had authority to enter

the pastorium, and that appellant did not have such authority. This evidence was sufficient to create a jury question as to whether entry into the pastorium was accomplished without authority. OCGA § 16-7-1 (Code Ann. § 26-1601); *Wooten v. State,* 145 Ga. App. 743 (2) (245 SE2d 34) (1978); *Brown v. State,* 143 Ga. App. 256 (238 SE2d 258) (1977).

4. Appellant enumerates error on the general grounds. After reviewing all of the evidence, we find that any rational trior of fact could have found the appellant guilty of burglary beyond a reasonable doubt. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 506) (1979); *Crawford v. State,* 245 Ga. 89 (1) (263 SE2d 131) (1980). This enumeration is without merit.

5. Appellant asserts that the trial court erred in admitting into evidence the testimony of the co-defendant as well as certain testimony by an officer investigating the crime. "It is well-settled in this state that it is too late to urge objections to the admission of evidence after it has been admitted without objection. [Cits.]" *Yarbrough v. State,* 151 Ga. App. 474, 475 (260 SE2d 369) (1979). "In this state, it is necessary to object to evidence at the time it is actually offered, and failure to do so amounts to a waiver of any objection which might have been raised. [Cits.]" *Viener v. State,* 150 Ga. App. 175, 177 (257 SE2d 22) (1979).

6. Appellant finally asserts that the trial court erred by not charging on lesser included offenses. At trial, the court asked if appellant had any requests to charge, to which inquiry appellant responded in the negative. "The trial judge also may, of his own volition and in his discretion, charge on a lesser crime of that included in the indictment or accusation. However, his failure to do so, without a written request by the state or the accused, is not error." *State v. Stonaker,* 236 Ga. 1, 2 (222 SE2d 354) (1976).

*Judgment affirmed. Shulman, C. J., and Quillian, P. J., concur.*

DECIDED FEBRUARY 4, 1983.

*J. Hamrick Gnann, Jr.,* for appellant.
*Dupont K. Cheney, District Attorney, C. Paul Rose, Jr., Claude M. Kicklighter, Jr., Assistant District Attorneys,* for appellee.