## 68915. THE STATE v. WILLIAMS.
(324 SE2d 557)

BENHAM, Judge.

After the jury returned a guilty verdict in a case in which appellee had been indicted for theft by taking, the trial court directed a verdict in favor of appellee on the ground that the applicable statute of limitation had run. It is from that order that the State brings this appeal.

1. Before the merits of the appeal may be considered, we must determine whether the State has the right to appeal from the trial court's order. OCGA § 5-7-1 delineates the instances in which the State may take an appeal in a criminal case: from an order, decision or judgment setting aside or dismissing an indictment or accusation; arresting judgment of conviction upon legal grounds; sustaining a plea or motion in bar when the defendant has not been put in jeopardy; or sustaining a motion to suppress made and ruled upon before a jury was impaneled.

"It is true that the government may not appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, in that a new trial would be barred by the double jeopardy clause of the Fifth Amendment. [Cits.] . . . [W]hat does and does not constitute an acquittal on the merits is to be controlled by the substance of the judge's action and not the form. [Cit.]

"Looking to the substance of what the trial judge did here, we agree with the state that the order appealed from is not a directed verdict of acquittal on the merits, but a dismissal of the indictment because [allegedly, the applicable statute of limitation had expired]. In reaching the conclusion that this is in substance a dismissal of the indictment, we find it critical that the [statute of limitation] is subject to judicial notice [see OCGA § 24-1-4] and, therefore, the trial judge's grant of [appellee's] motion does not rest on the evidence or lack thereof adduced at trial. A directed verdict of acquittal is based on the evidence demanding a verdict of acquittal because of a lack of conflict therein. See [OCGA § 17-9-1]. The ruling of the trial court is in substance a dismissal of the indictment, and the state may appeal

an order dismissing an indictment under [OCGA § 5-7-1 (1)], even if the order is entered during the course of the trial. [Cit.]" *State v. Williams*, 246 Ga. 788 (1) (272 SE2d 725) (1980).

2. We now turn to the merits of the State's appeal. The incident which formed the basis of the theft by taking charge occurred on January 16, 1981. The November 21, 1983, indictment alleged that the value of the goods taken was $350. At the time the offense was committed, that value would make the taking a felony (Ga. L. 1978, p. 1457, Sec. 1) with a four-year statute of limitation which would not have expired when the indictment was returned. OCGA § 17-3-1. However, when the indictment was returned, the $350 value subjected the taker to misdemeanor punishment and carried with it a two-year statute of limitation which would have run its course prior to the return of the indictment. See OCGA §§ 16-8-12 and 17-3-1. Thus, classification of the offense as a misdemeanor or felony is crucial to the statute of limitation question herein involved, and determination of the class of the offense committed is dependent upon whether one looks to the state of the law at the time the offense was committed or at the time the indictment was returned.

"It is to be observed that the crime was committed on [January 16, 1981], and that the law reducing the punishment was [effective November 1, 1982]. The new law contained the usual repealing clause that all laws in conflict herewith are hereby repealed . . . It has no reference, even by implication, to [OCGA § 16-1-9] . . . It is the settled law of this State that where a crime is committed on a certain date, the penalty which attached to the crime on that date is the penalty exacted by our law . . . [M]aking the lesser penalty applicable to offenses committed prior to the enactment of the legislation is contrary to the judicial interpretation of the courts of this State under which the penalty for a criminal offense relates only to those offenses committed when and after such legislation becomes effective. [Cits.]" *Barton v. State*, 81 Ga. App. 810 (3) (60 SE2d 173) (1950). Applying the law in effect on January 16, 1981, the day the offense was committed, a theft by taking involving goods valued in excess of $200 was a felony with a four-year statute of limitation which had not expired on November 21, 1983, when the indictment on which appellee was tried was returned. Thus, the applicable statute of limitation had not expired, and the trial court erred in dismissing the charges.

*Judgment reversed. Banke, P. J., and Pope, J., concur.*

DECIDED NOVEMBER 21, 1984.

*Charles M. Ferguson, District Attorney,* for appellant.

*Jesse G. Bowles III*, for appellee.