A95A0064. JENKINS v. THE STATE.
(458 SE2d 497)

MCMURRAY, Presiding Judge.

Defendant was indicted for burglary and forgery in the first degree. The evidence adduced at a jury trial reveals that defendant went to her daughter's elementary school on October 8, 1992, and without authority took a teacher's (the victim's) purse from an unoccupied classroom. The purse contained a check made payable to the victim and the victim's driver's license. Later that afternoon, defendant presented the stolen check for payment at the drive-through window of a local bank and used the victim's driver's license as proof of identification. The attending bank tellers, however, were not fooled. They noticed that neither defendant nor the passenger in defendant's car matched the identification on the victim's driver's license, and one of the tellers asked defendant to come inside the bank to resolve the apparent discrepancy. Although defendant agreed to come inside the bank, she drove off without retrieving the stolen check or the victim's driver's license.

The jury found defendant guilty of burglary and forgery in the first degree. This appeal followed. *Held:*

1. Defendant first contends the trial court erred in denying her motion for directed verdict of acquittal on the burglary charge, arguing that the State failed to prove she entered the victim's classroom without authority. This contention is without merit.

"A person commits the offense of burglary when, without authority and with the intent to commit a felony or theft therein, [she] en-

ters or remains within . . . any building . . . or any room or any part thereof." OCGA § 16-7-1 (a). In the case sub judice, the school secretary testified that defendant had no authority to enter the victim's classroom. This evidence, evidence that defendant was in recent possession of stolen property and proof that defendant fled after she was questioned about the stolen check, is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of entering the victim's classroom without authority and with intent to commit theft therein. *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979); *Gearin v. State*, 208 Ga. App. 878 (1), 879 (432 SE2d 818).

2. Defendant next contends the trial court erred in denying her motion for directed verdict of acquittal on the forgery in the first degree charge, arguing that the State failed to prove that she "uttered" the stolen check in violation of OCGA § 16-9-1 (a). Specifically, defendant points out that there is undisputed testimony that she presented the check on behalf of the passenger in her car.

"Uttering" or "delivering" a forged instrument is the distinguishing factor between forgery in the first degree and forgery in the second degree. Compare OCGA § 16-9-1 (a) with OCGA § 16-9-2 (a). And one may be guilty of forgery in the first degree as a party to the crime if there is some connection between the accused and the uttering. *Howard v. State*, 215 Ga. App. 342, 343 (1), 344 (450 SE2d 824). " '(P)resence, companionship, and conduct before and after the offense are circumstances from which one's participation in the criminal intent may be inferred. (Cit.)' *Lunz v. State*, 174 Ga. App. 893, 895 (332 SE2d 37) (1985)." *Howard v. State*, 181 Ga. App. 187 (351 SE2d 550). In the case sub judice, defendant was not only connected to the "uttering" by actually presenting the stolen check for payment, she was at her daughter's school when the check was stolen and defendant fled after the bank tellers questioned her about the validity of the transaction. This evidence is, at the very least, sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the crime of forgery in the first degree. *Jackson v. Virginia*, supra; *Howard v. State*, supra.

The trial court did not err in denying defendant's motion for directed verdict of acquittal.

*Judgment affirmed. Andrews and Blackburn, JJ., concur.*

DECIDED JUNE 22, 1995.

*Ellison & Moore, Coatsey Ellison*, for appellant.
*Robert E. Keller, District Attorney, Nancy Trehub, Assistant*

*District Attorney*, for appellee.