A97A0808. GRANT v. THE STATE.
(486 SE2d 717)

ANDREWS, Chief Judge.

Charles Jerome Grant appeals from the judgment entered on a jury verdict finding him guilty of robbery by sudden snatching. Grant contends the evidence was insufficient to support the verdict. For the reasons which follow, we agree and reverse the conviction.

The evidence at trial was that two men entered the Corrall Food Store shortly after lunch and one of them, identified at trial as Charles Grant, told the clerk he wanted to buy some batteries. He

looked at batteries for a long time and seemed unsure what size he wanted. After she finished helping Grant with the batteries, the other man told her he wanted to buy some cigars, and he also took a long time looking at the cigars.

The clerk then went to help another customer, and while she was waiting on this customer, the manager of the store came running out of the office and told her to call 911. The clerk testified she never saw anyone go into the office or take any money and was unaware that a robbery was taking place.

The manager of the store, Johnson, testified that on the day in question she was in the office getting the bank deposit ready when a man stuck his head in the door and asked the way to the rest room. After she directed him to the rest room, another man came to the office and asked to see the manager about a job in the store. Johnson laid aside the deposit money and went out to talk to him. She said the man was not paying any attention to her when she talked to him and kept looking toward the front of the store. He then asked her about birthday cards and she showed him where to find them. Johnson went back to the office and discovered the cash for the bank deposit was gone. As she ran out of the store, she saw a car speeding out of the parking lot.

The jury was charged only on the offense of robbery by sudden snatching under OCGA § 16-8-40. This Code section provides in pertinent part: "(a) A person commits the offense of robbery when, with intent to commit theft, he takes property of another from the person or the immediate presence of another: (1) By use of force; (2) By intimidation, by the use of threat or coercion, or by placing such person in fear of immediate serious bodily injury to himself or to another; or (3) By sudden snatching."

The offense of robbery by sudden snatching is committed when the victim becomes conscious that something is being taken from him and for some reason is unable to prevent it. *McNearney v. State*, 210 Ga. App. 582, 583 (436 SE2d 585) (1993). This awareness on the part of the victim is an essential element of the crime of robbery by sudden snatching. Id. at 584. The evidence at trial clearly showed that none of the victims was aware the money had been taken until after the men left the store and the crime was complete. Therefore, the evidence was insufficient to support the verdict. Id.

*Judgment reversed. Beasley and Smith, JJ., concur.*

DECIDED MAY 20, 1997.

Before Judge George.

*Gardner & Gardner, Milton F. Gardner, Jr., James M. Setters*, for appellant.

*Fredric D. Bright, District Attorney, Stephen A. Bradley, Assistant District Attorney*, for appellee.