## A01A0145. MEYERS v. THE STATE.
### (547 SE2d 781)

RUFFIN, Judge.

Following a bench trial, the trial court found Blaine Meyers guilty of armed robbery.[1] Meyers appeals, challenging the sufficiency of the evidence. Finding the evidence sufficient to support Meyers' conviction, we affirm.

In reviewing Meyers' challenge, we do not weigh the evidence or determine witness credibility.[2] Instead, we review the evidence presented at trial in the light most favorable to support the trial court's verdict and determine whether this evidence is sufficient to authorize a rational trier of fact to find Meyers guilty of armed robbery beyond a reasonable doubt.[3]

Viewed in this light, the evidence shows that on the evening of the robbery, the victim, Marvin Quick, was at home watching television with his son and his girlfriend. Suddenly, the side door to Quick's house was kicked open — it was Meyers and four of his companions who had gone to Quick's house to rob him. Armed with guns and a baseball bat and cloaked in ski masks, Meyers and his cohorts entered the house. Once inside, Meyers and another individual went to the living room where they held Quick, his son, and his girlfriend

---

[1] Although not at issue in this appeal, Meyers was also convicted of three counts of aggravated assault, three counts of false imprisonment, four counts of burglary, and four counts of possession of a firearm during the commission of a crime.

[2] See *Russell v. State*, 230 Ga. App. 546, 549 (4) (497 SE2d 36) (1998).

[3] See *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

at gunpoint. Meanwhile, the other thieves searched the house for items to steal. After taking $3,500, which was hidden under Quick's mattress, and a handgun from a dresser drawer, all five fled the house and jumped into a waiting pickup truck.

Fortunately, a police officer was driving by Quick's house at the time and saw the thieves jump into the truck. Finding the circumstances "highly suspicious," the officer followed the truck. After stopping the truck and watching one of its occupants flee and another discard firearms, the officer arrested Meyers and the others.

On appeal, Meyers asserts that this evidence is insufficient to support his conviction for armed robbery because there is no proof that he and the other thieves took property from Quick's person or his immediate presence. Instead, Meyers argues, the evidence showed that "the property was taken from a bedroom, which was down the hall and perhaps (by witnesses' guesses) more than thirty (30) feet from the alleged victim."[4] Although Meyers is correct that a conviction for armed robbery requires proof that the robber took "property of another from the person or the immediate presence of another,"[5] the term " '[i]mmediate presence' has been held to extend 'fairly far,' and robbery convictions are upheld even [when the theft occurs] out of the physical presence of the victim."[6] Considering that Quick was held at gunpoint in his living room while property was taken from his bedroom, the theft was not too far afield to be outside Quick's immediate presence.[7]

*Judgment affirmed. Johnson, P. J., and Ellington, J., concur.*

DECIDED APRIL 16, 2001.

*Donald R. Donovan*, for appellant.
*James R. Osborne, District Attorney, Thomas J. Melanson, Assistant District Attorney*, for appellee.

---

[4] We note that, in violation of Court of Appeals Rule 27 (c), Meyers has not supported his enumerated error with any citations to the record. Though such deficiency is usually deemed an abandonment of the claimed error, we exercise our discretion and review the evidence in this case based on the record citations in the State's brief.

[5] OCGA § 16-8-41 (a).

[6] *Culver v. State*, 230 Ga. App. 224, 231 (6) (496 SE2d 292) (1998).

[7] See id.; *Welch v. State*, 235 Ga. 243, 245-246 (1) (219 SE2d 151) (1975).