A05A2157. THE STATE v. BARKER.
(625 SE2d 500)

PHIPPS, Judge.
The state appeals from the trial court's grant of a criminal defendant's motion for directed verdict based on expiration of the statute of limitation. Upon consideration, we affirm.

On September 26, 2003, an indictment was returned charging Julius Barker with the rape of A. W. between September 26, 1988, and March 15, 1990. At the time of the 2005 trial, A. W. was 28 years old. She testified that Barker had forced her to engage in sexual intercourse numerous times beginning when she was about eight years old and ending when she was about twelve. According to A. W., the last incident took place while she was in the sixth grade, no later than June 1989.[1]

At the close of the state's evidence at trial, Barker moved for a directed verdict of acquittal on the ground that the prosecution was barred by the seven-year statute of limitation for rape set forth in

---

[5] *Lenhardt*, supra, 271 Ga. App. at 456 (2) (footnote omitted).

[6] See id.

[1] The state also presented similar transaction evidence from S. H. and T. M. S. H., who was 36 years old at the time of trial, testified that Barker had committed oral sodomy upon her when she was a child. T. M. testified that when her then five-year-old daughter was three years old, she confided that Barker had fondled her breasts.

OCGA § 17-3-1 prior to its 1996 amendment. After prolonged arguments by both sides, the trial court granted Barker's motion on the ground the statute of limitation in effect when the offenses were committed must control.

The state claims that this case is governed by the 1996 amendment to OCGA § 17-3-1 extending the statute of limitation for rape to 15 years and that, in any event, Barker waived his right to raise a statute of limitation defense by not filing a plea in bar prior to trial. Barker, on the other hand, claims that the state has no right to appeal the trial court's grant of his motion for directed verdict and that, in any event, this prosecution is barred by the seven-year statute of limitation set forth in the pre-1996 version of OCGA § 17-3-1.

1. The order granting Barker's motion for directed verdict on the ground that the statute of limitation had expired was in substance a dismissal of the indictment and is thus appealable by the state.

Under OCGA § 5-7-1 (a),

> [t]he State may appeal from orders or judgments (1) setting aside or dismissing accusations or indictments; (2) arresting judgment of conviction upon legal grounds; (3) sustaining pleas or motions in bar when the defendant has not been put in jeopardy; and (4) sustaining a motion to suppress evidence illegally seized.[2]

The government may not, however, appeal a trial court's grant to a criminal defendant of a directed verdict of acquittal based on an insufficiency of the evidence to support a conviction, because a new trial would be barred by the double jeopardy clause.[3] But "when a criminal defendant obtains a termination of the trial in his favor before any determination of factual guilt or innocence, a new trial is not barred by the double jeopardy clause."[4] Therefore, an appeal by the government would not be barred.

In *State v. Williams*,[5] the jury returned a guilty verdict but the trial court then directed a verdict in favor of the defendant on the ground that the statute of limitation had run. Looking to the substance of what the trial judge had done, we held that the order appealed was not a directed verdict of acquittal on the merits, but a dismissal of the indictment on the ground that the statute of limitation had expired.[6] We thus found the order appealable, because "the

---

[2] *State v. Clark*, 191 Ga. App. 708, 709 (382 SE2d 670) (1989).
[3] *State v. Williams*, 246 Ga. 788, 788-789 (1) (272 SE2d 725) (1980).
[4] Id. at 789.
[5] 172 Ga. App. 708 (324 SE2d 557) (1984).
[6] Id. at 708 (1).

state may appeal an order dismissing an indictment under [OCGA § 5-7-1 (a) (1)], even if the order is entered during the course of the trial."[7]

We conclude that, as in *Williams*, the trial court in substance dismissed the indictment based on the running of the statute of limitation here. The indictment was returned in 2003. It alleged criminal acts occurring between 1988 and 1990. Because the court found the seven-year statute of limitation in pre-1996 law applicable to any offenses committed within the time frame set forth in the indictment, it effectively dismissed the indictment.[8] The order is thus appealable by the state.

2. The trial court did not err in determining that the seven-year statute of limitation set forth in the pre-1996 version of OCGA § 17-3-1 bars this prosecution, although we do not agree with the reason given by the court for its ruling.

Prior to its 1996 amendment, OCGA § 17-3-1 established a seven-year statute of limitation applicable to crimes punishable by death or life imprisonment (e.g., rape) and to felonies against victims under the age of fourteen years.[9] In 1996, OCGA § 17-3-1 was amended to provide "that prosecution for the crime of forcible rape must be commenced within 15 years after the commission of the crime."[10]

> The great weight of authority is consistent with the general rule set forth in 21 Am. Jur. 2d, Criminal Law[,] § 224, p. 410: "Where a statute extends the period of limitation, the extension applies to offenses not barred at the time of the passage of the act, so that a prosecution may be commenced at any time within the newly established period. Such a statute, however, cannot operate to revive offenses that were barred at the time of its enactment, since that would make the statute ex post facto."[11]

The 1996 amendment to OCGA § 17-3-1, supplanting the seven-year statute of limitation with a fifteen-year statutory limitation, was approved by the Governor on April 15, 1996.[12] No effective date was

---

[7] Id. at 708-709 (citation and punctuation omitted).

[8] See *State v. Lowman*, 198 Ga. App. 8 (400 SE2d 373) (1990).

[9] OCGA § 17-3-1 (b), (c). Ga. L. 1968, pp. 1249, 1266, § 1; Ga. L. 1987, p. 330, § 1.

[10] OCGA § 17-3-1 (b). Ga. L. 1996, pp. 1115, 1117, § 4.

[11] *State v. Nunn*, 768 P2d 268, 277-278 (Kan. 1989); see, e.g., *Christmas v. State*, 700 S2d 262, 265, n. 5 (Miss. 1997).

[12] Ga. L. 1996, pp. 1115, 1118, § 6.

specified.[13] Under these circumstances, the 1996 act became effective on July 1, 1996.[14] According to the victim, A. W., the last rape occurred no later than June 1989. Consequently, this prosecution had become barred by the then-effective seven-year statute of limitation before the fifteen-year statute of limitation became effective. The latter statute could not operate to revive offenses that had become barred by the time it became effective. For these reasons, Barker's prosecution for the rape of A. W. is barred by the seven-year statute of limitation.[15]

3. Barker did not waive his statute of limitation defense by failing to file a pretrial plea in bar.

If it appears on the face of the indictment that the statute of limitation has run, the indictment is fatally defective and subject to demurrer, unless the indictment also alleges one or more of the exceptions which would remove the bar of the statute.[16] Conversely, if the running of the statute of limitation does not appear on the face of the indictment, a plea in bar is the proper procedural vehicle through which to assert a statute of limitation defense.[17] And OCGA § 17-7-110 and Uniform Superior Court Rule 31.1 combine to require a demurrer or plea in bar to be filed within ten days after the date of arraignment, unless the time for filing is extended by the court. But this court long ago held in *Hollingsworth v. State*[18] that even though courts on the civil side require a defendant to plead the statute of limitation by way of defense, that rule should not be applied in criminal cases.[19] Thus, "unlike the situation which usually exists where pleas and demurrers are not filed, even if the plea or demurrer is not filed before trial, the defendant may still assert the defense of the statute of limitations in the trial of the case."[20]

*Judgment affirmed. Andrews, P. J., and Mikell, J., concur.*

---

[13] Id.

[14] See OCGA § 1-3-4 (a).

[15] The prosecution against Barker for the molestation of similar transaction witness S. H. would also be barred. A prosecution against Barker for the molestation of similar transaction witness T. M. would not, however, be barred.

[16] See *Moss v. State*, 220 Ga. App. 150 (469 SE2d 325) (1996); *Hollingsworth v. State*, 7 Ga. App. 16 (65 SE 1077) (1909).

[17] See, e.g., *Jenkins v. State*, 278 Ga. 598, 604 (1) (B) (604 SE2d 789) (2004); *State v. Tuzman*, 145 Ga. App. 481, 482-483 (2) (243 SE2d 675) (1978) (disapproved in part by *Jenkins*).

[18] Supra.

[19] 7 Ga. App. at 18-19.

[20] Daniel, Georgia Criminal Trial Practice, § 14-61, p. 688 (2004-05 ed.) (footnote omitted); see *Moss v. State*, supra. As to waiver of defense of statute of limitation in criminal cases, compare *State v. Barrett*, 215 Ga. App. 401, 404 (2) (451 SE2d 82) (1994) (defense of statute of limitation waived by entry of guilty plea), with *Early v. State*, 218 Ga. App. 869 (1) (463 SE2d 706) (1995) (giving of erroneous jury instruction on statute of limitation not waived by defendant's failure to object).

DECIDED DECEMBER 20, 2005.

*Fred A. Lane, Jr., District Attorney, William M. Clark, Assistant District Attorney*, for appellant.
*Mason B. Rountree*, for appellee.