A05A2129. SMITH v. THE STATE.
(635 SE2d 385)

PHIPPS, Judge.
A jury convicted Cleve Smith of robbery by sudden snatching and burglary for taking a deposit bag from a country store. Smith appeals on the grounds that the trial court erred in denying his motion for directed verdicts of acquittal and in admitting his statement to the police. We find that the trial court erred only when it denied his motion as to the robbery charge. We therefore reverse in part and affirm in part.

Viewed in the light most favorable to the jury's verdict, the record shows that the manager of a small Alapaha country store prepared

---

[6] OCGA § 17-10-6.1 (b).

the store's deposit bag by placing around $4,800 in cash and checks in it and putting it on a desk in the store's back office. Shortly afterward, she noticed first one and then another man in the store itself. The two men asked the price of a pack of cookies, purchased it for 26 cents, and left the store. After seeing one of the men break into a run on the sidewalk outside the store, the manager got an "uneasy feeling," and asked two other customers to "check around the store" because she was afraid that she was "going to have trouble." As it happened, one of the two men, Cleve Smith, had seen the deposit bag sitting on the office desk, entered the office through the storage area, taken the bag, and put it down his pants. After joining his brother Willie in the store, Smith left with him, ran around the side of the building, and then ran to his brother's waiting car, which picked him up and sped away. The two men were later found in possession of the cookies and approximately $4,100 in cash. At trial, Smith confessed to spotting the deposit bag, entering the office without permission, and taking the bag in order to fund his drug habit. Smith also led police to the buried money bag, which still contained the checks placed there by the manager.

After a jury trial, Smith was convicted of robbery by sudden snatching and burglary and sentenced to 20 years to serve. His motion for new trial was denied.

1. Smith first contends that the trial court erred when it denied his motion for a directed verdict of acquittal on the robbery charge. We agree.

On review of a denial of a motion for directed verdict of acquittal, we neither weigh the evidence nor judge the credibility of witnesses, but determine only whether the evidence was sufficient for a rational trier of fact to find the defendant guilty of the charged offense beyond a reasonable doubt.[1]

OCGA § 16-8-40 (a) (3) provides that a person commits robbery "when, with intent to commit theft, he takes the property of another from the person or the immediate presence of another . . . [b]y sudden snatching." The "immediate presence" of the victim extends well beyond his person or his reach, as when money is taken from under a mattress in a bedroom 30 feet from the victim.[2] The offense of robbery by sudden snatching is complete, however, only when the victim becomes conscious that something is being taken from him and

---

[1] *Williams v. State*, 237 Ga. App. 814, 815 (1) (515 SE2d 875) (1999).

[2] *Meyers v. State*, 249 Ga. App. 248, 249 (547 SE2d 781) (2001).

for some reason is unable to prevent the taking.[3] This consciousness must be present before the taking is complete.[4]

Here, Smith took the bag from a room adjacent to the small store in which the victim was working, and then passed within a few feet of her with the bag stuffed down his pants. The evidence showed, however, that the victim got "an uneasy feeling" *after* she saw Smith break into a run outside the store, and that this feeling became a consciousness that she had been robbed only when a customer told her that she had seen Smith leaving the office. As in *Grant v. State*,[5] which also involved the theft of deposit money from a store's back office while employees were diverted, this evidence was insufficient to establish that the victim was aware that something was being taken from her before that taking was complete. We therefore reverse Smith's conviction for robbery by sudden snatching.[6]

2. Smith next contends that the evidence was insufficient to support his conviction for burglary because the back office was not a residence and because the evidence did not establish his lack of authority to enter it. We disagree.

Under OCGA § 16-7-1 (a), a person commits burglary when,

> without authority and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another *or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof*.[7]

As we have held, a burglary can be committed by entry into a building that is not a dwelling.[8] Here, Smith was able to gain entry to the back office only by passing through a storage area containing unpacked cases of groceries, and the jury implicitly rejected his argument that the absence of an "Employees Only" sign meant, despite the victim's testimony to the contrary, that he had permission to enter either the storage area or the office.[9] Finally, Smith testified that he entered the

---

[3] *McNearney v. State*, 210 Ga. App. 582, 583 (436 SE2d 585) (1993).

[4] Id.

[5] 226 Ga. App. 506, 507 (486 SE2d 717) (1997).

[6] Id.

[7] (Emphasis supplied.)

[8] *Smith v. State*, 249 Ga. App. 427, 428 (2) (548 SE2d 21) (2001).

[9] See *Rubaldino v. State*, 271 Ga. App. 726, 728-729 (1), (2) (611 SE2d 68) (2005) (proof of opening door to victim's bedroom was unauthorized entry sufficient to support burglary conviction); *Glisson v. State*, 165 Ga. App. 342, 342-343 (3) (301 SE2d 62) (1983) (testimony of person with control over church building to the effect that defendant did not have permission

office without asking permission, took the bag, and reentered the store in a manner intended to hide himself from view. This evidence was sufficient to support his conviction for burglary.[10]

3. Finally, Smith contends that the trial court erred when it admitted his custodial statement in the face of his testimony that he was promised leniency in exchange for the statement. We disagree.

Under OCGA § 24-3-50, an admissible confession "must have been made voluntarily, without being induced by another by the slightest hope of benefit or remotest fear of injury." However, under OCGA § 24-3-51, "[t]he fact that a confession has been made under a spiritual exhortation, a promise of secrecy, or a promise of collateral benefit shall not exclude it." A trial court's determination after a *Jackson-Denno* hearing that a statement was voluntarily made will not be disturbed on appeal unless it was clearly erroneous.[11]

Here, the sheriff who received Smith's statement testified that he made no promises of leniency to him, but that when Smith told him about his drug addiction, he told Smith that he would inform the court that he needed help. This promise of help with a drug problem did not bear on the question of punishment, and was thus a collateral benefit.[12] The trial court therefore did not err when it admitted Smith's statement into evidence.

*Judgment affirmed in part and reversed in part. Andrews, P. J., and Mikell, J., concur.*

DECIDED AUGUST 14, 2006.

*Melinda I. Ryals*, for appellant.
*Charles J. Steedley, District Attorney, Robert B. Ellis, Jr., Catherine H. Helms, Assistant District Attorneys*, for appellee.

---

to enter was sufficient to create jury question on unauthorized entry).
 [10] Id.; *Jenkins v. State*, 217 Ga. App. 655, 655-656 (1) (458 SE2d 497) (1995) (proof of unauthorized entry into empty classroom, possession of stolen property, and attempt to flee supported burglary conviction).
 [11] *Hammett v. State*, 246 Ga. App. 287, 288 (1) (539 SE2d 193) (2000).
 [12] See *Jones v. State*, 266 Ga. App. 717, 720 (598 SE2d 366) (2004).