**FIRST DIVISION**
**ELLINGTON, C. J.,**
**PHIPPS, P. J., and DILLARD, J.**

NOTICE: Motions for reconsideration must be *physically received* in our clerk's office within ten days of the date of decision to be deemed timely filed.
(Court of Appeals Rule 4 (b) and Rule 37 (b), February 21, 2008)
http://www.gaappeals.us/rules/

**May 2, 2012**

# In the Court of Appeals of Georgia

A12A0323. ZABAIN v. THE STATE.

PHIPPS, Presiding Judge.

In connection with crimes perpetrated at a law office, DeShawn Zabain was tried by a jury, then convicted of burglary, armed robbery, false imprisonment, and sexual battery. On appeal, Zabain contends that the trial court erred by admitting similar transaction evidence, that the evidence was insufficient to prove burglary, and that the prosecution for the sexual battery count was time-barred. Because Zabain has shown no reversible error, we affirm.

The state's evidence showed the following. The law office was that of a sole female practitioner. The attorney's legal assistant was working alone when the crimes occurred at about 10:30 a.m. on September 7, 2006. A man entered the business and stated that he was seeking legal counsel. The legal assistant did not know the man,

who did not have an appointment. Within moments, the man pointed a gun at her and demanded money. She handed him her purse, and he took a money order out of it. He then scurried into a separate room, the lawyer's personal office, taking from that room a fire-resistant lock-box. The man returned to the assistant and, while still holding the gun, fondled her breast and crotch area, then fled the scene with the money order and lock-box. The legal assistant identified Zabain as the perpetrator to police about two days after the incident, and to the jury at trial.

To show Zabain's state of mind, knowledge, or intent, the state presented similar transaction evidence.[1] About three months after the law office incident, two men entered another female-operated business, a hair salon, during business hours and demanded money from the three women inside. The men took their purses and various items they collected from inside the hair salon. In connection with that incident, Zabain entered guilty pleas and was convicted of multiple counts of armed robbery, multiple counts of aggravated assault, and possession of a firearm during the commission of a felony.

---

[1] See *Williams v. State*, 261 Ga. 640, 642 (2) (b) n. 2 (409 SE2d 649) (1991) (noting that some of the purposes which have been deemed appropriate include guilty knowledge and intent).

Zabain took the stand and admitted that he had gone to the law office that morning and confronted the legal assistant. He testified that they already knew each other, that she owed him money for drugs, that he ordered her to pay him back, that she gave him the money order, and that he then left the premises. Zabain stated that he had no weapon, that he took nothing else out of the law office, and that he had not gone into any room in the back of the business (where the attorney's personal office was located).

1. Zabain contends that the trial court erred by admitting the similar transaction evidence, asserting that the state failed to show that he committed the acts at the hair salon.[2] We disagree.[3] At the pretrial hearing on the admissibility of the similar transaction evidence,[4] the state represented that it planned to present at the trial the testimony of a victim of the hair salon incident, as well as Zabain's guilty pleas to the

[2] See id. at 642 (2) (b) (for evidence of an independent offense or act to be admitted, the state must make three affirmative showings, among them, that the accused committed the independent offense or act).

[3] See *Avila v. State*, 289 Ga. 409, 411 (2) (711 SE2d 706) (2011) (decision to admit a similar transaction is reviewed for abuse of discretion).

[4] See *Williams*, supra (before any evidence of independent offenses or acts may be admitted, a hearing must be held pursuant to Uniform Superior Court Rule 31.3 (B), at which hearing the state must make three affirmative showings); Uniform Superior Court Rule 31.3 (B).

crimes committed. And at the trial, the state presented said testimony and introduced a certified copy of Zabain's guilty pleas, indictment, and sentence related to the salon incident. There is no merit to Zabain's contention that the state failed to show that he committed the offenses at the salon.[5]

2. Challenging his burglary conviction, Zabain asserts that the evidence showed that the alleged unauthorized entry was *with* the legal assistant's permission.

The burglary count of the indictment alleged that Zabain, "without authority and with the intent to commit a theft therein, entered the personal office of [the attorney]." Burglary requires proof of the essential element of entering "without authority" the building or room at issue.[6] "'Without authority' means without legal

---

[5] See *Pope v. State*, 178 Ga. App. 148, 149-150 (3) (342 SE2d 330) (1986) (certified copies of guilty pleas, indictment, or sentences related to prior crimes are admissible where they pertain to crimes concerning which testimony has been admitted and foundation laid thereby).

[6] OCGA § 16-7-1 (a) (providing that a "person commits the offense of burglary when, *without authority* and with the intent to commit a felony or theft therein, he enters or remains within the dwelling house of another or any building, vehicle, railroad car, watercraft, or other such structure designed for use as the dwelling of another or enters or remains within any other building, railroad car, aircraft, or any room or any part thereof") (emphasis supplied).

4

right or privilege or without permission of a person legally entitled to withhold the right."[7]

Contrary to Zabain's assertion, the legal assistant testified that she did not give Zabain permission to enter the attorney's personal office located in the back of the law office, that she did not know Zabain, and that he had no appointment at the law office that day. Her testimony was sufficient for the jury to find beyond a reasonable doubt that Zabain's entry at issue was without authority.[8]

---

[7] OCGA § 16-1-3; see *Brown v. State*, 143 Ga. App. 256-257 (238 SE2d 258) (1977).

[8] See *Jackson v. Virginia*, 443 U. S. 307, 319 (III) (B) (99 SC 2781, 61 LE2d 560) (1979) (on review of the sufficiency of the evidence to support a criminal conviction, the relevant question is whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt).; *Brown*, supra (although defendant entered school during regular business hours when the office was open and unlocked, because defendant did not have authority to be in area where he was found, "where the props and purses were," the jury was authorized to find the "without authority" element of burglary); see also *Smith v. State*, 281 Ga. App. 91, 93-94 (2) (635 SE2d 385) (2006) (where man in store during business hours passed through the store's storage area to gain entry to store's back office, where he took the store's deposit bag containing money and checks, jury was authorized to find elements of burglary); *Jenkins v. State*, 217 Ga. App. 655-656 (1) (458 SE2d 497) (1995) (proof of unauthorized entry into unoccupied classroom of elementary school, possession of property stolen from that classroom, and flight when questioned about possessing the stolen property supported burglary conviction); see also *Rubaldino v. State*, 271 Ga. App. 726, 728 (1) (611 SE2d 68) (2005) (noting that burglary statute outlaws the unauthorized entry into "any building . . . or any room or any part thereof" with the

On appeal from a criminal conviction, the evidence must be viewed in the light most favorable to the verdict, and the appellant (defendant here) no longer enjoys the presumption of innocence; moreover, an appellate court does not weigh the evidence or determine witness credibility but only determines whether the evidence is sufficient under the standard of *Jackson v. Virginia*.[9] Conflicts in the testimony of the witnesses, including the State's witnesses, are a matter of credibility for the jury to resolve. As long as there is [sufficient] evidence, even though contradicted, to support each fact necessary to make out the State's case, the jury's verdict will be upheld.[10]

3. Zabain challenges his sexual battery conviction, asserting that the charge was untimely brought as shown on the face of the indictment. As explained below, this challenge is not properly before us.

The indictment charged Zabain with sexual battery by intentionally making "physical contact with the intimate parts of the body of [the legal assistant] without the consent of [the legal assistant], by touching [her] breast and crotch area." Upon the

---

requisite intent; thus jury was authorized to find elements of burglary where defendant initially entered house with permission, but then made an unauthorized entry into a bedroom of house with intent to commit aggravated assault).

[9] Supra.

[10] *McKay v. State*, 234 Ga. App. 556-557 (1) (507 SE2d 484) (1998) (citations and punctuation omitted).

jury's guilty verdict, Zabain was convicted and sentenced to 12 months of imprisonment.

Where sexual battery is considered a misdemeanor offense,[11] any prosecution therefor "must be commenced within two years after the commission of the crime."[12] Here, the indictment alleged that the sexual battery occurred on September 7, 2006; the indictment was not filed until September 19, 2008. "If it appears on the face of the indictment that the statute of limitation has run, the indictment is fatally defective and subject to demurrer, unless the indictment also alleges one or more of the exceptions which would remove the bar of the statute."[13] Here, no such allegation was included in the indictment. But Zabain did not file a motion to dismiss that count of the indictment,[14] and was tried thereon.

---

[11] OCGA § 16-6-22.1 (setting forth conditions upon which sexual battery is classified as either a misdemeanor or a felony).

[12] OCGA § 17-3-1 (d).

[13] *State v. Barker*, 277 Ga. App. 84, 87 (3) (625 SE2d 500) (2005) (footnote omitted).

[14] See *Jenkins v. State*, 278 Ga. 598, 604 (1) (604 SE2d 789) (2004) (if a defendant prevails on a pretrial plea in bar on the statute of limitation, the charge should be dismissed); see also *Jackson v. State*, 208 Ga. App. 391, 392 (1) (430 SE2d 781) (1993) (a motion to dismiss the indictment was "essentially a general demurrer, which challenges the very validity of the indictment").

"Although any exception to the form of an indictment should be made in writing and before entering a plea to the merits, if an indictment is so defective that judgment upon it would be arrested, attention may be called to this defect at any time during trial, and it may be quashed on oral motion."[15]

> [T]his court long ago held in *Hollingsworth v. State*[16] that even though courts on the civil side require a defendant to plead the statute of limitation by way of defense, that rule should not be applied in criminal cases. Thus, unlike the situation which usually exists where pleas [in bar] and demurrers are not filed, even if the plea or demurrer is not filed before trial, the defendant may still assert the defense of the statute of limitations in the trial of the case.[17]

But Zabain did not assert this defense at his trial, and was convicted of misdemeanor sexual battery.

When a count of the indictment is "absolutely void in that it fails to charge the accused with any act made a crime by the law and, upon the trial, no demurrer to the indictment is interposed and the accused is convicted under the indictment and

---

[15] *Carley v. State*, 263 Ga. App. 109, 110 (1) (588 SE2d 434) (2003) (citation and punctuation omitted).

[16] 7 Ga. App. 16, 18-19 (65 SE 1077) (1909).

[17] *Barker*, supra.

judgment is entered on the verdict, the accused's proper remedy is a motion in arrest of judgment or habeas corpus."[18] We find nothing in the record that can be construed as a motion in arrest of judgment or as a petition for habeas corpus, and Zabain makes no assertion that he appeals a ruling from either proceeding.

Instead, Zabain couches this contention as one challenging the sufficiency of the evidence, citing language from *Lee v. State*[19] that "the State was required to offer evidence or proof that . . . the crime charged occurred within the applicable statute of limitation."[20] But unlike Zabain, the appellant in *Lee* had properly raised before the trial court the defense of the statute of limitation.[21] And although Zabain moved for a directed verdict, he did so only on general grounds and not on the ground that any count of the indictment was barred by the statute of limitation.[22] "A motion for a

---

[18] *McKay*, supra at 559 (2) (punctuation omitted).

[19] 289 Ga. 95 (709 SE2d 762) (2011).

[20] Id. at 97.

[21] Id. at 95 (noting that, prior to opening statement, appellant raised the statute of limitation defense set forth in OCGA § 17-3-1 (d)).

[22] Compare *Barker*, supra at 85-86 (1) (trial court's order granting defendant's motion for directed verdict on the ground that the statute of limitation had expired was in substance a dismissal of the indictment); *State v. Williams*, 172 Ga. App. 708 (1) (324 SE2d 557) (1984) (trial court's order appealed was not a directed verdict of acquittal on the merits, but a dismissal of the indictment on the ground that the statute

directed verdict of acquittal addresses the sufficiency of the evidence, not the sufficiency of the underlying indictment."[23] Thus, "[a] motion for directed verdict of acquittal is not the proper way to contest the sufficiency of an indictment."[24]

Based on the above, it is clear that . . . when a claim that an accusation or indictment is absolutely void is not properly asserted in the trial court, it can be reviewed on appeal only through a habeas corpus proceeding. . . . Here, [Zabain's] claim is not properly before us because [he] failed to object to the indictment in any manner before or during trial and did not move to arrest the judgment after his conviction. The issue of whether the indictment underlying appellant's conviction was void must await determination until such time as appellant avails himself of the proper procedures for attacking the conviction on that basis.[25]

*Judgment affirmed. Ellington, C. J., and Dillard, J., concur.*

---

of limitation had expired).

[23] *McKay*, supra (citations and punctuation omitted).

[24] Id. (citations and punctuation omitted).

[25] Id. at 560 (2) (citations and punctuation omitted). See *Fleming v. State*, 276 Ga. App. 491, 495-496 (2) (623 SE2d 696) (2005) (rejecting appellant's claim that he was entitled to have his challenge to the indictment fully adjudicated on appeal, where appellant failed to raise issue before trial court); *Moore v. State*, 246 Ga. App. 163, 165 (3) (539 SE2d 851) (2000) (general demurrer challenges the very validity of the indictment and may be raised at any time, but not in any proceeding; thus, if a challenge to the validity of an indictment has not been made before the trial court, the proper method for such a challenge is through habeas corpus proceedings).